Lamkin v. Burnett.

# J. B. Lamkin

## v.

# L. C. Burnett et al.

1. Consolidation of claims.—The statute relating to consolidation of claims in suits before justices of the peace, contemplates the setting off of mutual demands, existing at the time of the commencement of the suit. So where appellant had brought suit against appellees, upon a draft given for the purchase of a quantity of wool, it was not the duty of appellees to bring forward as a defense in such suit, their claim against appellant, and another, for fraud and deceit in the sale of the wool, which claim was also in suit. Each party had an independent standing in court which they were not bound to surrender at the risk of defeat in another suit.

2. Impeaching witness—Record of conviction of crime.—In an action for deceit in the sale of goods, it is improper to admit in evidence, for the purpose of affecting the credibility of a witness, the record of his conviction upon an indictment charging him, with another, of a conspiracy to defraud the plaintiffs in the sale of the goods in question.

Appeal from the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding. Opinion filed September, 17, 1880.

Mr. George W. Gere and Mr. E. S. Sweet, for appellant; that the defendants should have presented their claim as a defense to appellant's suit, cited Rev. Stat. 1877, 615, § 49; Lathrop v. Hayes, 57 Ill. 279.

The record of conviction of appellant was improperly admitted in evidence: Rev. Stat. 1877, 475, § 1.

Mr. THOMAS J. SMITH and Mr. J. S. WOLFE, for appellees; that the record of conviction was properly admitted, cited Rev. Stat., 1874, 488.

Even if improper, it did no harm and is not ground for a reversal: Pro. Life Ins. Co. v. Foot, 79 Ill. 361; Murray v. Haverty, 70 Ill. 318; Lycoming Fire Ins. Co. v. Dunmore, 75 Ill. 14.

Where substantial justice has been done error will not reverse: Timmons v. Broyles, 47 Ill. 92; Calhoun v. O'Neal, 53 Ill. 354; Charter v. Graham, 56 Ill. 19; Graves v. Shoefelt, 60 Ill. 462; C. & A. R. R. Co. v. Clampit, 63 Ill. 95.

Where there is evidence to support the verdict, judgment will not be reversed: T. P. & W. R'y Co. v. Hogle, 55 Ill. 212; T. W. & W. R'y Co. v. Moore, 77 Ill. 217.

McCULLOCH, P. J. On the twelfth day of July, 1877, appellees commenced suit before a justice of the peace, against appellant and one M. W. Lacy, to recover damages for an alleged deceit in the sale of a lot of wool. The wool was purchased by appellant in Chicago, and was by him brought to Champaign, where it was delivered to Lacy to sell. Lacy took the same to appellees' place of business, and offered the same for sale as his own property, and while there appellee, it seems, appeared upon the scene, and made some demonstrations towards purchasing it.

Through representations made at that time by Lacy, which it is claimed, afterwards turned out to be false, appellees were induced to make the purchase. Finding the wool to be of an inferior quality to what they expected it to be, they commenced suit against both appellant and Lacy for the deceit. Judgment having been rendered against appellees by the justice, they took an appeal to the circuit court. During the pendency of that appeal, Lamkin brought suit against them on a draft they had given Lacy in part payment for the wool, and which Lacy had assigned to appellant. That suit was also appealed into

the circuit court, where a final judgment was rendered in favor of Lamkin and against appellees on the 24th day of October, 1878. In the meantime, however, appellees had dismissed their suit as against Lacy, and had elected to proceed only against Lamkin.

It is now argued that when the case of appellant against appellees on the draft came on for trial it was the duty of appellees to bring forward their claim against Lamkin, for which the first suit had been commenced, or be thereafter barred from prosecuting the same. To this end appellant offered the record of that suit in evidence, and the same was excluded, which ruling of the court he now complains of as error. Had the first suit been commenced against Lamkin alone, then it is possible he would have been obliged to bring forward his claim upon the draft, (R. S. Ch. 79, §§ 35–49); but so long as the suit was pending against the two defendants his individual claim was not of such a nature as to be available as a defense in that suit. He was therefore at liberty to bring a fresh suit upon the draft. Both parties, therefore, when they came into the circuit court had such claims against each other as to be incapable of consolidation or set-off.

We are of the opinion that appellants were not bound to continue their suit, as against Lacy, at the peril of being compelled to bring their claim into the suit of Lamkin against them, any more than appellant was bound to bring his claim into their suit after its dismissal, as against Lacy. We think each party had an independent standing in court which they were not bound to surrender at the risk of defeat in another suit. The statute evidently contemplates the setting off of mutual demands existing at the time of the commencement of the suit. By reason of the alleged joint liability of appellant with Lacy at the time of the commencement of this suit these demands were not mutual, even if they had possessed all the other characteristics which would have required them to be adjudicated in one action. R. S. Ch. 79, § 49. There was therefore no error in the ruling of the court excluding this evidence.

During the progress of the trial appellees were permitted,

for the purpose of impairing the credit of appellant as a witness, to introduce in evidence the record of a conviction of appellant and Lacy, in the circuit court of Champaign county, upon an indictment charging them with a conspiracy to cheat and defraud appellees in this very same transaction about the wool. It is claimed that this ruling is justified by Ch. 51, § 1, R. S. 1874, which provides that no person shall be disqualified as a witness in any civil action by reason of his or her conviction of any crime, but such conviction may be shown for the purpose of affecting the credibility of such witness. By the common law a person convicted of infamous crimes was rendered incompetent to testify. 1 Greenleaf Ev. §§ 372, 77.

The conviction had to be proved by the record (Ibid. 375), whereupon the court pronounced him incompetent to testify, unless he could produce the record of a reversal of the conviction or a pardon. The evidence of conviction did not go to the jury for any purpose. Some doubt being found to exist as to what offenses were to be considered infamous at the common law, our statute had rendered the same certain by an enumeration of them. R. S. 1845, p. 182, § 174. Gross, Stat. 1869, p. 201, § 16. Persons convicted of other offenses were not thereby rendered incompetent to testify either by common law or by statute, nor could the record of such convictions be received to impair their credibility. The statute in question was doubtless intended to change the rule theretofore existing by which infamous persons were held to be wholly incompetent to testify in any case, to one which would permit them to testify, but subject to a condition not applicable to other witnesses, namely, that their previous conviction of infamous crimes might be proved for the purpose of discrediting their testimony. We do not understand it to introduce any new rule in regard to witnesses who were competent to testify before its passage, but they stand upon the same footing they did before.

This record was therefore not competent evidence for the purpose for which it was offered. Besides this, it put before the jury a judgment of the court upon a matter closely bearing upon the vital issues in this case. It was a conviction for al-

most the identical acts complained of in this suit, and was therefore capable of exercising a very damaging effect upon the minds of the jurors.   We are not prepared to say the evidence is so strong that a verdict for appellees was inevitable notwithstanding this error.   Whatever we might think of the evidence ourselves, we cannot ignore the fact that appellees failed in proving their case before the justice, and that upon the first trial in the circuit court the jury found for appellant.   For this error of the circuit court, the judgment is reversed and the cause remanded.

Reversed and remanded.