WILLIAM H. BARTHOLOMEW

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 20, 1882.*

1. CRIMINAL LAW—*intoxication as a defence.* At common law, where it required a particular intent in the doing of an act to constitute crime,—as, for instance, larceny, where the intent to steal must accompany the taking,— it is held it may be shown, in defence, that the party charged was intoxicated to that degree that he was incapable of entertaining the intent to steal, and that he neither then nor afterward yielded it the sanction of his will.

2. Under our statute it may be shown, in defence of a charge of larceny, that at the time of the taking of the goods, and for some time afterward, the defendant was under the influence of intoxication caused by the fraud or contrivance of some other person for the purpose of inducing him to commit, or aid in committing, the larceny.

3. WITNESS—*when convicted of infamous crime.* At common law all crimes were not deemed infamous, and it was the infamy of the crime, and not the nature or mode of punishment, that rendered the person convicted incompetent as a witness. Our statute declaring what crimes are infamous, leaves several offences punishable by confinement in the penitentiary as not infamous, among which is manslaughter.

4. SAME—*effect of statute making convicted persons competent.* The purpose and object of the statute making persons convicted of crime competent witnesses, but allowing their conviction to be shown to affect their credibility, was simply to remove the common law disability, and to allow witnesses to testify who were thereby excluded. It does not, by implication, enlarge the class of cases in which a conviction discredited a witness. It is

the conviction of an infamous offence that may be shown as affecting the credibility of the witness, and it was never designed by the statute to allow proof to be made of a conviction of an offence not infamous, and which is not legally presumed to affect the witness' credibility.

5. SAME—*proof of offence affecting credibility.* It is the conviction of the person proposed as a witness,—not the punishment for the offence,— that may be shown for the purpose of affecting his credibility; and this can be proved only by the record, or an authenticated copy thereof, and it must appear that the conviction was had before a competent tribunal having jurisdiction to act and decide.

6. SAME—*what the record must contain to show conviction.* The caption, the returning of the indictment into open court by the grand jury, the indictment and arraignment of the defendant, are as indispensable parts of the record as the judgment of conviction, to make it admissible in evidence to affect the credibility of the party as a witness.

7. The statute only requires a certified copy of the judgment,—not a copy of the record of conviction,—to be delivered to the sheriff as his authority for detaining a convict and delivering him to the warden of the penitentiary. While this is a protection to the officers receiving the party, and may be sufficient evidence for them, such copy of the judgment is not sufficient evidence to prove the conviction generally, or to discredit the testimony of the person convicted, and it is error to admit the same in evidence for that purpose.

8. Where a party on his trial for larceny becomes a witness in his own behalf, the record of the penitentiary, or a copy of it, is not admissible in evidence to show his former conviction of crime, and thereby affect his credibility.

9. SAME—*of party charged with crime—his credibility.* Where a party on his trial for a criminal offence becomes a witness, he places himself, as to cross-examination, on the same plane as other witnesses; and the jury, in the consideration of his testimony, may wholly disregard it, if, from the entire evidence, they believe it to be untrue, and they are at liberty, if they believe it to be true, to give it credence and weight, and act upon it to the extent of his acquittal.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. BARGE, RATHBUN & BARGE, for the plaintiff in error:

To constitute a criminal offence there must be a union, or joint operation, of act and intention. Hurd's Stat. 1881, page 409, sec. 280.

If one who is too drunk to entertain a felonious intent takes property of another, but relinquishes it before such intent could arise in his mind, there is no larceny. (1 Bishop on Criminal Law, sec 490.) Where drunkenness is brought about by fraud, etc., of some other person, for the purpose of causing the perpetration of an offence, the statute makes it a defence for the person so intoxicated. Hurd's Stat. 1881, page 410, sec. 291.

It was not material whether the defendant was ever in the penitentiary. There was no such issue, and being an immaterial question, the answer of defendant, on cross-examination, that he had not been in the penitentiary, was conclusive on the People, and they had no right to introduce testimony to contradict him, either for the purpose of contradicting or discrediting him. 2 Phillips on Evidence, 955, sec. 3; Roscoe on Criminal Evidence, 168; *Gifford* v. *People*, 87 Ill. 214; *Fogleman* v. *State*, 32 Ind. 145; *People* v. *Brown*, 72 N. Y. 571; *People* v. *Crapo*, 76 id. 288; *State* v. *Huff*, 11 Nev. 17.

Even if it was proper for the prosecution to show that defendant had been in the penitentiary as a convict, it was not proper to do so by parol evidence. 1 Greenleaf on Evidence, 487, sec. 375; *Rex* v. *Castel Carcinion*, 8 East, 77.

The court erred in admitting in evidence the two *mittimuses* authorizing and commanding the sheriff to convey the defendant to the penitentiary, and the warden to receive him, etc. This is not evidence to prove a conviction. The whole record, so far as it concerns the formal stages, must be either produced or exemplified, and if exemplified, the exemplification must show, on its face, that the record is complete. Wharton on Criminal Evidence, (8th ed.) sec. 603; 1 Bishop on Criminal Procedure, (2d ed.) sec. 814; *Davidson* v. *Murphy*, 13 Conn. 203; *Miller* v. *Beaver*, 30 Ind. 373; *Mason* v. *Wolf*, 40 Cal. 246; *Godefroy* v. *Jay*, 3 C. & P. 192, 14 E. C. L. 521; *Porter* v. *Cooper*, 6 C. & P. 354, 25 E. C. L. 435; *Young* v. *Thompson*, 14 Ill. 380.

Mr. JAMES McCARTNEY, Attorney General, for the People:

In order that a person charged with crime may derive any benefit from sec. 291 of the Criminal Code, three elements are evidently necessary:

*First*—The drunkenness must be caused by the fraud, contrivance or force of some other person.

*Second*—The drunkenness must be such as to cause the perpetrator of the deed to be bereft of "sound reason and discretion."

*Third*—The drunkenness must be caused by some other person, for the purpose of causing the commission of an offence. The evidence fails to establish either of these propositions.

That the instructions upon the subject of drunkenness state the law correctly, see *Shannahan* v. *Commonwealth*, 8 Bush, 464; *Estes* v. *State*, 55 Ga. 31; *State* v. *Welch*, 21 Minn. 22; *Beasley* v. *State*, 50 Ala. 149; *State* v. *Thompson*, 12 Nev. 140; *Colbath* v. *State*, 2 Texas App. 391; *State* v. *Hundley*, 46 Mo. 414; *Marshall* v. *State*, 59 Ga. 154; *Fisher* v. *State*, 64 Ind. 435.

Mr. C. B. MORRISON, also for the People, after referring to and commenting upon the facts in evidence, especially as to the defendant's guilt, and his acts, made the following among other points:

The moment the defendant took the witness stand his credibility became material. Criminal Code, sec. 426; *Commonwealth* v. *Nichols*, 114 Mass. 287.

As affecting his credibility, great discretion is allowed on cross-examination. *Connors* v. *People*, 50 N. Y. 242.

A witness, on cross-examination, may be compelled to answer whether he has been in jail or prison, or State's prison. *Real* v. *People*, 42 N. Y. 281; Wharton on Criminal Evidence, (8th ed.) secs. 154, 174, and notes. So he may be asked, within the proper discretion of the court, not only

concerning his conviction, but also concerning any serious charge brought against him. *Wilbur* v. *Flood*, 16 Mich. 40; *Hamilton* v. *People*, 29 id. 173; *Clemmens* v. *Conrad*, 19 id. 170.

When a defendant takes the witness stand, he does so of his own free will, and subjects himself to all that any other witness would, and he waives the constitutional privilege that no man shall be compelled to give testimony against himself. *State* v. *Beal*, 68 Ind. 345; Wharton on Criminal Evidence, (8th ed.) secs. 430–434; *State* v. *Fay*, 43 Iowa, 651; *Burden* v. *People*, 26 Mich. 162; *State* v. *Huff*, 11 Nev. 17; *Brubaker* v. *Taylor*, 76 Pa. St. 83; *Brandon* v. *People*, 42 N. Y. 265; *Commonwealth* v. *Curtis*, 97 Mass. 587.

The records introduced in evidence were copies of the judgments, and are made out according to the requirements of the statute, and contain all that the law requires. Hurd's Stat. 1880, page 418, sec. 456, Criminal Code.

The instruction that voluntary drunkenness is no excuse for crime, states a correct principle of law. 1 Arch. Criminal Law, (7th ed.) 31, 832; *Kenny* v. *People*, 31 N. Y. 330; 24 Wis. 452; Hurd's Stat. 1881, sec. 291, Criminal Code; *Rafferty* v. *People*, 66 Ill. 118; *McIntyre* v. *People*, 38 id. 514; *People* v. *Garbutt*, 17 Mich. 9; *Commonwealth* v. *Hawk*, 3 Gray, 463; *Nicholls* v. *State*, 8 Ohio St. 435.

Mr. Justice SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was convicted, by the judgment of the court below, of the crime of larceny. It was not seriously contested that a larceny was committed, or that plaintiff in error was connected therewith,—the property stolen being found in his possession. The defence was, at the time of the taking, and for some hours afterwards, plaintiff in error was under the influence of intoxication caused by the fraud or contrivance of another person for the purpose of inducing him to commit, or to aid in committing, the larceny. Our

statute provides: "Drunkenness shall not be an excuse for any crime or misdemeanor, unless such drunkenness be occasioned by the fraud, contrivance or force of some other person, for the purpose of causing the perpetration of an offence." (Rev. Stat. 1874, p. 395, sec. 19.) At common law, where it required a particular intent in the doing of an act to constitute crime,—as, for instance, larceny, where the intent to steal must accompany the act of taking,—it is held it may be shown in defence that the party charged was intoxicated to that degree that he was incapable of entertaining the intent· to steal, and that he neither then, nor afterwards, yielded it the sanction of his will. 1 Bishop on Criminal Law, (3d ed.) sec. 490; *United States* v. *Routenbush*, 1 Baldw. 517; *Swan* v. *The State*, 4 Humph. 136; *Pigman* v. *The State*, 14 Ohio, 555; *Kessy* v. *The State*, 3 S. & M. 518. See, also, 1 Wharton on Criminal Law, (7th ed.) sec. 41. It was, therefore, competent to make the defence relied upon.

The defendant was himself examined as a witness, and his testimony tended to make out this defence. Upon cross-examination he was asked if he had not been in the penitentiary. The same question was repeated to him several times, under different forms. He uniformly answered in the negative. Afterwards the prosecution introduced Moses H. Luke, receiving and discharging clerk of the penitentiary located at Joliet, whom the court permitted to testify, over the defendant's objection, that he had seen the defendant in the penitentiary at Joliet, suffering punishment as a convict under two different judgments of conviction. The same witness was also allowed to produce and read to the jury, over the defendant's objection, the *mittimuses* under which, he testified, the defendant had been, each time, received into the penitentiary as a convict. The same witness was also allowed to produce and read to the jury, over the defendant's objection, a statement made by the officers in charge of the penitentiary, as, the witness said, when the defendant was each time

received into the penitentiary. This gives the date received, the number by which registered, the name, the *alias*, the county where from and the crime for which sent, term of imprisonment, age, personal description, etc. Exception was taken to these rulings at the time.

Under the common law, persons convicted of crimes which rendered them infamous were excluded from being witnesses. (1 Wharton on Criminal Law, (7th ed.) sec. 758; 3 Blackstone's Commentaries, (Sharswood's ed.) 369, 370; 1 Greenleaf on Evidence, sec. 372.) All crimes were not deemed infamous, (1 Roscoe on Criminal Evidence, (5th Am. ed.) 134, 1 Greenleaf on Evidence, sec. 373,) and it was the infamy of the crime, and not the nature or mode of the punishment, that rendered the witness incompetent. Our statute provides: "Every person convicted of the crime of murder, rape, kidnapping, willful and corrupt perjury or subornation of perjury, arson, burglary, robbery, sodomy or other crime against nature, incest, larceny, forgery, counterfeiting, or bigamy, shall be deemed infamous." (Rev. Stat. 1874, p. 394, sec. 279.) This leaves several offences punishable by confinement in the penitentiary that were neither deemed infamous at common law nor are declared to be so by statute, notably among which may be mentioned manslaughter,—an offence which is clearly not inconsistent with entire veracity.

By section 6 of division 42, of the revised Criminal Code, Rev. Stat. 1874, page 410, it is enacted: "No person shall be disqualified as a witness in a criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime, but such interest or conviction may be shown for the purpose of affecting his credibility: *Provided, however*, that a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness." Palpably, the purpose of this section is simply to remove

the common law disability, and allow witnesses to testify who were thereby excluded. It neither professes to, nor does by implication, enlarge the class of cases wherein convictions discredit the witness. At common law, conviction of an infamous offence excluded the party from being a witness, but now he may testify notwithstanding such conviction,— *i. e.*, of an infamous offence; but the fact of such conviction, —*i. e.*, of an infamous offence,—may be shown for the purpose of affecting his credibility. It could not have been designed to have allowed proof of a conviction for an offence, not legally presumed to affect his credibility, to be given in evidence. It is to be noted it is the conviction, not the punishment, for the offence, that may be shown, for the purpose of affecting credibility,—and this was the proof required at common law to exclude the witness. "It is," says Greenleaf's Evidence, sec. 375, "*the judgment*, and that only, which is received as the legal and conclusive evidence of the party's guilt, for the purpose of rendering him incompetent to testify. * * * And the judgment itself, when offered against his admissibility, can be proved only by the record, or, in proper cases, by an authenticated copy, which the objector must offer and produce at the time when the witness is about to be sworn, or at farthest in the course of the trial." Roscoe, in his work on Criminal Evidence, (5th Am. ed.) 136, says: "Where it was said that a witness is disqualified by *conviction*, a judgment of a court of competent jurisdiction was meant, and that judgment must have been proved in the ordinary way." Further along the author says: "It must have appeared that the party was convicted before a competent tribunal. Thus where, in order to prove a conviction at Sierra Leone, an indictment and conviction thereupon were given in evidence, Bailey, J., held it insufficient, because it did not show by what authority the indictment was found, and because it was imperfect, as a record, without the caption,"—citing *Cooke* v. *Maxwell*, 2 Stark. N. P. 183; and the

case fully sustains the text. To the like effect is 1 Wharton on Criminal Law, (7th ed.) secs. 763, 659.

That at least the caption, returning of the indictment into open court by the grand jury, the indictment and arraignment of the defendant, are as indispensable parts of the record as the judgment of conviction, can admit of no doubt. (1 Bishop on Criminal Procedure, 913, *et seq.*) The statute only requires a certified copy of the judgment,—not a copy of the record of conviction,—to be delivered to the sheriff or other proper officer of the county, as his authority for taking a convict and delivering him to the warden of the penitentiary. (Rev. Stat. 1874, p. 414, sec. 18, div. 45, of the Criminal Code.) This is not made evidence of the conviction of the defendant generally, but is simply designed as a protection to the officers receiving the party, and detaining him, and as to them, and for that act, is, doubtless, sufficient evidence of his conviction. But they who undertake to discredit a party because of his conviction of an infamous crime, must make legal proof of that fact,—not merely of authority to detain in the penitentiary; and, in our opinion, no such proof was here made.

There was, as we conceive, no reason why the prison record, or a copy of it, should have been read in evidence. Plaintiff in error, by electing to become a witness, placed himself, so far as cross-examination was concerned, on the same plane with other witnesses. The jury were authorized to take his interest in the result of the case into consideration, and they were at liberty to wholly disregard his evidence, if, from other evidence, they believed it untrue; but they were also at liberty to give credence to it, and might, if they believed it to be true, act upon it, even to the extent of his acquittal. It was as essential to the theory of the law admitting plaintiff in error to testify, that his evidence should not be improperly impeached or discredited, as that the evidence of any other witness should not be thus discredited. It is quite true, the jury might not have decided differently

39—104 ILL.

from what they did if this evidence had been excluded; but they might have done so, and plaintiff in error was entitled to the benefit of that chance. We can not say the jury were bound to disbelieve the evidence of the plaintiff in error, nor can we say that, if his evidence had been believed, the same result, both as to fact of guilt and amount of punishment, must have been reached, and plaintiff in error was entitled to 'all evidence that might, legitimately, have affected him in either respect.

We perceive no other error in the record, but for that indicated the judgment is reversed and the cause remanded.

*Judgment reversed.*