## John Burke v. Sarah L. Stewart.

1. CONVICTIONS—*Affecting the Credibility of a Witness—How Shown.*—The conviction of a witness for the purpose of affecting his credibility can only be shown in the trial of a criminal case by producing the record of the conviction.

2. SAME—*Of an Infamous Crime.*—It is only the conviction of an infamous crime to which a witness in a civil case may be compelled to testify, on cross-examination, as impeaching his testimony or for the purpose of affecting his credibility.

3. WITNESSES—*Conviction as Affecting Credibility.*—A party has no right to prove that a witness has been convicted of a misdemeanor or of any felony, not infamous, for the purpose of affecting his credibility.

4. SLANDER—*The word " Whore" Actionable.*—To say of a woman that she has " acted the whore" is equivalent to charging her with conduct that characterizes a whore—that is, that she has been guilty of

fornication or adultery, accordingly as she was married or single when guilty of that conduct, and is actionable.

5. Same—" *Woman of Ill Repute.*"—To charge a woman with being a " woman of ill repute " merely, is not actionable in itself.

**Action for Slander.**—Trial in the Circuit Court of McHenry County; the Hon. John C. Garver, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

C. P. Barnes, attorney for appellant.

V. S. Lumley and John B. Lyon, attorneys for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

This was an action on the case brought by Sarah L. Stewart against John Burke. The declaration averred plaintiff was a married woman, having a family of children, and that defendant falsely and maliciously said of her in a public discourse, " She is a whore," and spoke other like words, set out in full in the declaration, implying that plaintiff was a lascivious woman, and that defendant had had sexual intercourse with her, and that sexual intercourse could be had with her for a dollar any time, and other like statements; and the innuendo was " meaning thereby then and there to charge that the plaintiff was and has been guilty of adultery." There was a plea of not guilty, and a trial by jury, and a verdict and judgment for plaintiff for $1,500 damages, from which judgment defendant prosecutes this appeal.

Wolcott testified to the speaking of most of the words charged in the declaration on three different days. Guffey testified to the speaking of the words on one of the three occasions testified to by Wolcott. Lloyd Stewart testified without objection to the speaking of like words since the commencement of this suit. Defendant denied that he ever spoke the words. On the cross-examination of Guffey these questions were asked him by defendant to affect his credibility : " Were you tried over at Marengo and convicted ? " " Were you tried and convicted before a justice

of the peace in Marengo last spring?" "Were you tried and convicted before a justice of the peace at Marengo, shortly before taking your abode in the county jail last spring, of some offense?" "Were you convicted before a justice of the peace at Marengo of any crime or offense last spring?" To each of these questions plaintiff objected; the objection was sustained, and defendant excepted. Section 1 of our statute, relating to evidence in civil cases, is as follows:

"That no person shall be disqualified as a witness in any civil action, suit or proceeding, except as hereinafter stated, by reason of his or her interest in the event thereof as a party or otherwise, or by reason of his or her conviction of any crime; but such interest or conviction may be shown for the purpose of affecting the credibility of such witness; and the fact of such conviction may be proven like any fact not of record, either by the witness himself (who shall be compelled to testify thereto) or by any other witness cognizant of such conviction, as impeaching testimony, or by any other competent evidence."

It is argued by appellant that the words "any crime" in the foregoing section mean any felony or misdemeanor, and therefore that the questions above set out were such as this statute authorized to be propounded to a witness, and that the fact of the conviction of any felony or misdemeanor is by said section made competent as impeaching testimony. The first part of Section 6, of Division 13, of the Criminal Code, is as follows:

"No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

The language of this section, so far as relates to the matter now under consideration, is substantially the same as that of section 1 of the chapter on evidence in civil cases before quoted. This section of the criminal code makes no provision for oral proof of the conviction nor for compelling a witness to testify thereto, and inasmuch as by virtue of

section 8 of said division 13 the rules of evidence at common law are in force in the trial of criminal cases, such conviction of a witness can only be shown in the trial of a criminal case by producing the record of the conviction. But the words "any crime" are used just as broadly in the section above quoted from the criminal code as in the act relating to evidence in civil cases, and it is the same conviction of "any crime" that may be shown for the purpose of affecting the credibility of a witness. The meaning of these words in the criminal code has been settled in Bartholomew v. The People, 104 Ill. 601. At common law conviction of an infamous offense excluded the party convicted from being a witness both in civil and criminal cases, and it was held in the Bartholomew case that the purpose of the section above quoted from the criminal code was simply to remove the common law disability and allow witnesses to testify who were by the common law excluded, but to permit the fact that they had been convicted of an infamous offense to be shown for the purpose of affecting their credibility; that the statute did not enlarge the class of cases wherein conviction discredits the witness; and that the conviction of "any crime" meant by the statute was the conviction of such a crime as at common law worked a disability to testify, that is to say, conviction of an infamous offense. The court there said, " It could not have been designed to allow proof of a conviction for an offense not legally presumed to affect his credibility to be given in evidence." Section 7 of Division 2 of the Criminal Code prescribes what shall be deemed infamous crimes, and by that statute not only all misdemeanors except petty larceny, but also several offenses punishable by confinement in the penitentiary, are not infamous crimes. We see no reason why the same construction should not be applied to precisely the same words, in section 1 of the act relating to evidence in civil cases, and are of opinion that it is only conviction of an infamous crime to which a witness in a civil case may be compelled to testify as impeaching testimony and for the purpose of affecting his credibility. It was so held in Lamkin v. Bur-

nett, 7 Ill. App. 143. The case of Gage v. Eddy, 167 Ill.
102, is not in conflict with this rule, for there it was pro-
posed to prove by the witness on cross-examination that he
had been convicted of forgery, which is an infamous crime
both at common law and under our statute. The questions
propounded to the witness Guffey were not confined to con-
viction of an infamous crime, but if answered, might have
shown conviction of a misdemeanor only, or of some felony
not infamous. But appellant had no right to prove that
the witness had been convicted of a misdemeanor or of any
felony not infamous, for the purpose of affecting his credi-
bility. Therefore the court ruled properly in sustaining
objections to said questions.

It is argued that to charge a married woman with being
a whore is not equivalent to charging her with adultery;
that therefore the innuendo in the declaration was not
proved; and that the court erred in instructing the jury that
the words charged in the declaration amounted to a charge
of adultery; and that if the jury believed the defendant
uttered those words of the plaintiff in the presence and
hearing of others, as charged in the declaration, they should
find defendant guilty. In Schmisseur v. Kreilich, 92 Ill.
347, it was charged of a woman that she had "acted or
made the whore." The court there said : "It is not required,
nor is it allowable, that we should put a strained construc-
tion on words to relieve the slanderer from a just responsi-
bility. The words are to be construed according to their
common acceptation, and, according to common accepta-
tion, to say of a woman that she has 'acted the whore,' is
equivalent to charging her with conduct that characterizes
'a whore'—that is to say, that she has been guilty of for-
nication or adultery, accordingly as she was married or
single when guilty of that conduct." As the declaration in
this case charged, and the proof showed, that plaintiff was
a married woman when these words were spoken of her by
defendant, therefore the innuendo in the declaration was
proved. But it was further held in said last cited case, and
also in Elam v. Badger, 23 Ill. 498, that such words are

slanderous of themselves, without colloquium or innuendo, and that the innuendo may be rejected as surplusage and the declaration is good without it. The court below, therefore, did not err in the instruction in question, and the proof supported the declaration.

In one instruction given for plaintiff the court said: "It is sufficient to prove substantially the words in some one or more of the statements as charged the plaintiff with being a woman of ill repute and having committed adultery, contained in the declaration. Such words, if proven to have been spoken, constitute slander in themselves, and the law implies that they were used with malicious intent to defame." This was incorrect. It was not sufficient to prove merely words which charge plaintiff with being a woman of ill repute, because such words merely would not be actionable of themselves; and this instruction should not have been given in that form. But the witnesses who testified to the speaking of the words, each testified that defendant said plaintiff was a whore, and if the proof justified the jury in finding that he said any words derogatory to plaintiff, they must have found that he called her a whore. There is no pretense or claim in the evidence offered by either side that he spoke of her some other words denoting she was a woman of ill repute, but did not call her a whore. Therefore the use of the words "ill repute," in this instruction, could not, in our judgment, have misled the jury.

Defendant testified that he never spoke these words of plaintiff, but the preponderance of the evidence as to the speaking of the words appears to be against him. There was some evidence tending to show that plaintiff and her husband had business dealings with defendant and were on terms of social intimacy with him long after this suit was brought. This was denied by plaintiff and her husband. If the circumstances relating thereto were as defendant and another witness testified, they were certainly very strange, and not in harmony with the conduct that either a plaintiff or a defendant would be likely to pursue after such a suit had been brought and the speaking of such words had been charged.

Nevertheless, we do not feel warranted thereby in disturbing the verdict of the jury. We have examined the other alleged errors argued by defendant, and do not find in them anything which would justify us in reversing the judgment. It will therefore be affirmed.