## M. Felix Daxanbeklar v. The People, etc.

1. CRIMINAL PROCEDURE—*Information May be Amended After it Has Been Quashed.*—An information may be amended by leave of court after it has been quashed.

2. SAME—*Conviction of an Infamous Offense to Affect the Credibility of a Witness—How Shown.*—It is only conviction of an infamous crime which can be shown to affect the credibility of a witness, and in a criminal case such conviction can only be shown by the record.

3. SAME—*Discretion of the Court to Permit the Jury to Separate.*—It is discretionary with the court to permit a jury to separate in criminal cases, not capital, unless cause is shown why they should be kept together.

4. SAME—*Bill of Exceptions Must Show the Remarks of an Attorney Claimed to be Improper.*—Where it is claimed an attorney made improper remarks in his address to the jury, the bill of exceptions must show the use of the language, or no error appears.

5. SAME—*Instructions and Verdict, Where One Count of an Information Has Been Quashed.*—Where one count of an information is quashed the instructions and verdict must be held to relate to the counts upon which the trial was had.

6. SAME—*Failure to Mark " Given" on Instructions Read, Not Reversible Error.*—Failure to write " Given" on an instruction read to the jury is not sufficient ground for reversal.

7. SAME—*Clerk is Powerless to Certify as to Proceedings on a Motion for a New Trial.*—The clerk is powerless to certify what was done before the court concerning a motion for a new trial.

8. CRIMINAL LAW—*Intention of the Defendant Immaterial.*—Intention of defendant to violate the law is immaterial in a prosecution for keeping a nuisance under the dram-shop act.

9. NUISANCE—*Sufficient Description of Its Location.*—The description of the location of a nuisance held sufficient.

**Indictment for Keeping a Nuisance,** as defined in section 7 of the dram-shop act. Error to the County Court of Mercer County; the Hon. W. T. CHURCH, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed February 13, 1901.

CONNELL & THOMASON, attorneys for plaintiff in error.

JAMES M. BROCK, State's Attorney, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an information against plaintiff in error for keeping a nuisance, as defined in section 7 of the dram-

shop act.    It contained four counts.    The first and fourth
were amended by the state's attorney under leave of court,
and the second was quashed.    The trial before a jury was
upon the first and fourth amended counts and the third
original count, and a plea of not guilty.    There was a ver-
dict of guilty.    Defendant was sentenced to confinement in
the county jail for thirty days, and was fined $75, and an
order was entered that the place be shut up and abated till
plaintiff in error should give bond in the penal sum of
$1,000 with security to be approved by the court, conditioned
that he would not sell intoxicating liquors therein, contrary
to the law of the State of Illinois.

1.    The court did not err in permitting the state's attorney
to amend the information.    The reasons are stated in Truitt
v. The People, 88 Ill. 518, and Long v. The People, 135 Ill.
435.    The motion for leave to amend the first count was
made immediately after an order quashing that count.    An
information was treated at the common law as a declara-
tion in the King's suit; and it is common practice to permit
a declaration to be amended after demurrer thereto sus-
tained.

2.    It is argued the information does not sufficiently
describe the place.    The first count described it as " at and
within Green township in said county of Mercer in the
State of Illinois aforesaid, at and near a small village or
collection of houses commonly known as Wanlock, a more
particular description of which said place is to the said state's
attorney aforesaid unknown."    The third count described
it as a house, room, and place of public resort, "at and
near a place known and commonly called Wanlock."    The
fourth count described the place substantially as in the first
and added, " and at or near divers public roads, being com-
mon highways, and also near the occupied dwelling houses
of divers citizens of said county."    The proof showed there
was a small village called Wanlock in said county, and that
defendant kept a place a few rods therefrom where he sold
intoxicating liquors.    It was not claimed by defendant that
he kept more than one such place at or near Wanlock.

There was nothing in the proof to indicate that the description did not sufficiently locate the place. We think the description sufficient in this case.

3. Defendant, upon the cross-examination of Burns, a witness for the people, asked, "Were you ever in the Reform School in the State of Iowa?" The court sustained an objection to the question and the defendant excepted. It is only conviction of an infamous crime which can be shown for the purpose of affecting the credibility of a witness, and on the trial of a criminal case such conviction can only be shown by the record. (Burke v. Stewart, 81 Ill. App. 506.) The objection was properly sustained.

4. Defendant claims the court denied a motion by defendant to keep the jury together during an adjournment of the court. It is discretionary with the court to permit a jury to separate in criminal cases, not capital, unless some sufficient cause is shown why they should be kept together. (Sutton v. The People, 145 Ill. 279.) The bill of exceptions does not show any such motion, nor what showing, if any, was made in support thereof, nor that the court denied the motion, nor an exception thereto. The record, therefore, does not show any error in that respect.

5. It is argued that the state's attorney in his closing address to the jury improperly alluded to the fact defendant had not testified. In a supposed written motion for a new trial which the clerk has copied into the record, such a statement is made, but the mere allegation is not proof. The bill of exceptions does not show (nor does the record anywhere) that such language was used by the state's attorney. The condition of this record on this subject is almost identical with that presented in Crown Coal and Tow Co. v. Taylor, 184 Ill. 250, and what is there said is decisive that this record does not disclose any such error as is now alleged.

6. The court instructed the jury that if they found defendant guilty the form of their verdict should be, "We, the jury, find the defendant guilty in manner and form as charged in the information." It is urged this permitted a

verdict of guilty under the second count, which had been quashed. When the second count was quashed, and the state's attorney did not ask leave to amend it, it was no longer a part of the information for the purposes of the trial. The trial was only upon the counts held good. There is nothing in the record to show that the second count was before the jury at all. The instruction and verdict must be held to relate to the counts to which the plea of not guilty was interposed, and on which the trial was had. If defendant feared the jury might suppose the trial was upon the second count he should have asked an instruction upon the subject. Where there is any danger of misapprehension by the jury in such a matter, a defendant can not complain if he does not ask to have it prevented by an instruction. (Dunn v. The People, 109 Ill. 635; McDonnall v. The People, 168 Ill. 93.) Besides, but one offense is charged in the different counts, to wit, keeping a place where intoxicating liquors were sold in violation of the dram-shop act, and which was therefore a public nuisance; and a single good count is sufficient to support a general verdict of guilty. (Mayes v. The People, 106 Ill. 306.)

7. The court did not err in the other rulings upon the instructions which have been argued here. Unlawful acts by defendant were proved; and whether he intended to violate the law was immaterial in this case. (Mullinix v. The People, 76 Ill. 211; Gallagher v. The People, 29 Ill. App. 401.) Defendant's acts were intended by him, and he was bound to know whether they were violations of the law. The court gave to the jury instruction number 14, but failed to write the word "Given" upon it. This is not sufficient ground for reversal. (Tobin v. The People, 101 Ill. 121.) Moreover, the instruction was offered by the people, and if the omission harmed any one it was the prosecution. The proof justified a conviction, and was not contradicted, except by an attempt to impeach one witness who had testified for the people.

8. The judgment required that the bond to be given by defendant before he should be allowed to keep that place

again should be conditioned "that he will not sell intoxicating liquors therein, contrary to the law of the State of Illinois," etc. It is argued it should have been "contrary to the dram-shop act." This provision in the court's order is in conformity with section 7 of the dram-shop act, under which defendant is here prosecuted, which reads, "conditioned that he will not sell intoxicating liquors contrary to the laws of this State."

9. The bill of exceptions does not contain a motion for a new trial, nor any points in support thereof, nor the action of the court upon the motion, nor any exception thereto, nor an exception to the judgment. The clerk undertook to supply this omission in the record kept by him, but was powerless to certify what was done before the court on these matters. (East St. Louis Electric R. R. Co. v. Cauley, 148 Ill. 490.)

The judgment is affirmed.