## Pioneer Fire Proofing Company v. James Clifford.

### Gen. No. 4,473.

1. ORDINARY CARE—*what erroneous modification of instruction pertaining to.* An instruction which tells the jury that if the defendant exercised toward the plaintiff ordinary care, it was not liable, is erroneously modified by inserting after the phrase, " but that nevertheless the plaintiff was injured," the words, " without fault of the defendant."

2. ASSUMED RISK—*what modification of instruction pertaining to, erroneous.* An instruction which tells the jury that the defendant was not liable for the injury to the plaintiff which resulted from a risk as-

sumed by him, is erroneously amended by the addition of a phrase as follows: "unless he has proved by the greater weight of the evidence the negligence of the defendant as charged in the declaration or some count thereof."

Action on the case for personal injuries. Appeal from the Circuit Court of La Salle County; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed March 8, 1905.

McDOUGALL, CHAPMAN & BAYNE, for appellant.

HUTTMAN, BUTTERS & CARR, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This is an action brought by appellee against appellant to recover damages for a personal injury to appellee. Appellant was engaged in taking clay from pits one and a half miles east of the city of Ottawa and hauling it on cars provided for that purpose to its factory in the city of Ottawa. Appellee was a common laborer, engaged in taking cars from switches after they had been loaded at the bank, and placing them on the main track to be hauled to the factory. While he was so engaged, a car loaded with clay came down the switch which inclined in the direction of appellee and caught him between the moving car and a car standing on the switch, which he was about to move out on the main track. The trial resulted in a verdict and judgment for plaintiff and defendant appeals.

Having reached the conclusion that this judgment must be reversed and the·cause remanded on account of errors in modifying instructions offered by appellant, it would not be proper for us to discuss the testimony, which, as is not unusual in such cases, was conflicting.

Appellant asked the court to give the jury the following instruction:

"The court instructs the jury that the defendant was not an insurer of the personal safety of the plaintiff while the plaintiff was in its service, nor was the defendant required to exercise toward the plaintiff the highest degree of care,

but said defendant was only required to exercise toward the plaintiff ordinary care, and ordinary care is such care as a person of ordinary prudence would exercise under the same or like circumstances. And if the jury believe from the evidence that the defendant, under all the circumstances in evidence, exercised ordinary care and caution to avoid injuring the plaintiff, but that, nevertheless, the plaintiff was injured the court instructs the jury to find the defendant not guilty."

The court refused to give the instruction as asked, but modified it by inserting in the latter part of it after the words "but that, nevertheless, the plaintiff was injured" these words, "without fault of the defendant." The instruction as asked, we think, stated the law with substantial accuracy. Thomp. on Neg., sec. 23; Calumet Iron & Steel Co. v. Martin, 115 Ill. 358. The effect of the modification was to impose on defendant a degree of care so high as to be faultless, which is a higher degree than was required of it by law.

The twenty-sixth instruction asked by appellant was on the subject of what is an assumed risk, and told the jury there could be no recovery for an injury resulting from such risk. The instruction as asked was almost literally copied from Cichowicz v. International Packing Co., 206 Ill. 346. It concluded by telling the jury that a servant knowing of the hazards of the business he is engaged in, and continuing in the work without complaint and without any promise of the master to make a change for greater safety, cannot recover for an injury resulting from such hazards. The court modified it by adding "unless he has proved by the greater weight of the evidence the negligence of the defendant as charged in the declaration or some count thereof." The modification simply nullified the instruction. As asked it stated a proposition of law as to assumed risks. If the injury did result from an assumed risk, it was not possible that any proof could be made which would authorize recovery. Yet the jury might well understand from the modification, that even though the conditions which caused the injury were risks or haz-

ards assumed by plaintiff in his employment, yet if they believed permitting these conditions to exist was negligence on the part of defendant, a recovery would be authorized. The modification appears to us highly prejudicial.

The court also modified appellant's fourteenth and twenty-seventh instructions. It would have been justifiable to have refused them in the form they were asked. They were quite liable to be misunderstood and misleading, but to our minds they were not greatly improved by the modifications. No error was committed in refusing instructions asked by appellant. Aside from the modifications we have mentioned, the jury were pretty fully and fairly instructed on behalf of appellant, but for the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*