## Pioneer Fire-Proofing Company v. James Clifford.

### Gen. No. 4,602.

1. CONVICTION OF CRIME—*what competent as affecting credibility of witness.* To affect the credibility of a witness it is only competent to show the conviction of such a crime as at common law excluded the person convicted from being a witness in either a civil or a criminal case.

2. FELLOW-SERVANTS—*when refusal of instruction upon rule of, error.* The refusal of the court to instruct the jury as to the law of fellow-servants is error where such question was one of the important issues in the case and no other instruction upon the question was given.

3. FELLOW-SERVANTS—*when co-servants may be, notwithstanding in employ of different masters.* The relation of fellow-servants may exist between the employes of different masters where the employes of one of such masters have been loaned to the other and all are under the direction and control of a single master.

Action on the case for personal injuries. Appeal from the Circuit Court of LaSalle County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

McDOUGALL, CHAPMAN & BAYNE, for appellant.

HUTTMANN, BUTTERS & CARR, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee was injured by being caught between two cars of appellant in its clay bank or pit east of the city of Ottawa; when appellee was at work for appellant, and he sued appellant to recover damages for such injuries. The cause was before us at a former term. Pioneer Fire-Proofing Co. v. Clifford, 118 Ill. App., 457. After that decision there was another trial below, and a judgment for appellee. Material and controverted questions of fact upon the second trial were, whether appellee was injured because of a risk which he assumed; whether he was injured because of his own negligence; whether he was injured because of the negligence of William Foster, also employed in the clay bank; and, if so, whether Foster and appellee were fellow servants, so as to relieve appellant from responsibility for the consequences of Foster's negligence. Eugene Myers was an important witness for appellant on these questions, and it is insisted here by appellee that the jury did not believe him and should not have done so.

In that state of the case, appellee, over repeated objections and exceptions by appellant, was permitted to draw out from Myers, on cross-examination, that he had served three years in the penitentiary at Joliet under a sentence by the Circuit Court of LaSalle county. The statute which permits such oral proof by way of impeachment in civil cases, does not authorize proof of the conviction of any crime, but only of a conviction of an *infamous* crime,—that is, of such a crime as, at common law, excluded the person convicted from being a witness in either a civil or a criminal case. Bartholomew v. People, 104 Ill., 601; Matzenbaugh

v. People ex rel., 194 Ill., 108; Lamkin v. Burnett, 7 Ill. App., 143; Burke v. Stewart, 81 Ill. App., 506; Daxenbecklar v. People, 93 Ill. App., 553. Imprisonment in the penitentiary is imposed as a punishment for crimes which are not infamous. Appellee did not show that Myers had been convicted of an infamous crime, and seems to concede here that he had not been so convicted. Appellee could not put in the proof he did and cast on appellant the burden of showing why Myers was sentenced to the penitentiary. Appellant might be taken by surprise and might not know what the fact was; and, besides, appellant was not required to introduce proof to show whether appellee's proof was competent. This evidence was repeatedly objected to; and it was not shown to be competent, and therefore it should not have been admitted. Once admitted, its evil influence with the jury was not likely to be overcome. If appellee's contention is correct, a cross-examiner can compel a witness to testify to his incarceration for a crime, and get the full benefit of that impeaching testimony before the jury, even if he knows it was not for an infamous crime. We cannot sustain that position.

The court refused the 29th instruction, requested by appellant. It correctly defined fellow servants, and stated the law as to the non-liability of an employer for an injury to one servant caused by the negligence of a fellow servant of the injured party; and it applied that law to this case. No instruction was given upon that subject, and appellant was deprived of an important legal proposition upon which it had the right to have the jury instructed, unless under the facts the jury could not find the relation of fellow servant to exist. Robert Cannon had a coal yard and a feed yard and kept teams in the city of Ottawa. Appellee was in his employ. Cannon let appellee and a horse to appellant for a stipulated price. Appellant paid Cannon for the services of the horse and man, and Cannon paid appellee. Appellee would drive to the pit each morning and then with the horse haul both loaded and empty cars between the main track and the place of loading at the face of the bank. Foster was in

the employ of appellant doing the same kind of work with another horse. It is contended that Foster and appellee were servants of different masters, and that therefore the doctrine of fellow servants cannot apply, under John Spry Lumber Co. v. Duggan, 182 Ill., 218, and C. & A. R. R. Co. v. Harrington, 192 Ill., 9. In the first of these cases, Duggan was one of a gang of men hired by Hunt to unload a boat load of lumber under a contract Hunt had with the lumber company. They worked under Hunt's directions, and passed the lumber from the vessel to the dock. The lumber company had servants who received the lumber and piled it on the dock, and they did that work so negligently that as Duggan passed along the dock after he had left his place of work, the lumber fell upon and injured him. It was held that the employees of the lumber company who piled the lumber on the dock were not fellow servants with Duggan, working for Hunt in a different employment. In the second case Harrington was a member of a switching crew of the Clover Leaf road, and was injured by the negligence of a switching crew of the C. & A. R. R. Co. in departing from a switch and leaving it open. It was held the latter crew were not fellow servants with Harrington. In each of these cases, the different sets of men were laboring under the direction of different employers, and at distinctly different work. Here appellee was wholly under the direction and control of appellant from morning till night at the clay bank, and he worked with appellant's other men in the pit without any distinction. The facts are similar to a case where a father contracts to another the services of his minor son, and collects his pay, but the son while at work is wholly under the control and direction of the employer. In our judgment such a minor child could be a fellow servant with the other persons working for the common master. Hasty v. Sears, 157 Mass., 123, is in point. It was there held that where one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he was lent;

and if such servant received injuries in such employment from the negligence of a servant of the person to whom he was lent, the doctrine of fellow servant applies. To the same general effect is Coughlan v. Cambridge, 166 Mass., 268; Anderson v. Boyer, 156 N. Y., 93; Ewan v. Lippincott, 47 N. J. Law., 192; and D. L. & W. R. R. Co. v. Hardy, 59 N. J. Law., 35 and 562. The case of Ill. Central R. R. Co. v. Cox, 21 Ill., 20, applies the same rule, though without discussion. See also Consolidated Fire Works v. Koehl, 190 Ill., 145. In 12 Am. & Eng. Ency. of Law, 2nd. Ed. 996, the principle here involved is thus stated: "The general servant of one person may become the servant of another by submitting himself to the control and direction of the other. In such a case the servant becomes the fellow servant of the servants of the person under whose control he comes; and neither his general master nor his special master is liable if he is injured by the negligence of one of the other servants." All the reasons for the fellow servant rule apply here, and in our judgment the fact that Cannon made the contract and drew the compensation from appellant, and paid appellee a sum which covered not only these services but also whatever he did for Cannon at the feed yard nights and Sundays, does not prevent the application of the doctrine of fellow servant to this case, and therefore the instruction should have been given. Whether the other facts made Foster and appellee fellow servants, was a question for the jury under proper instructions.

The declaration apparently does not deny that appellee assumed the risk, or state facts from which that can be implied. It is open to question whether it avers that the negligence which resulted in the injury to appellee was not that of a fellow servant. The first instruction given at the request of plaintiff directed a verdict for plaintiff if he was injured by the negligence of defendant as charged in the declaration, while he was in the exercise of ordinary care. As the cause must be tried again, we suggest to counsel whether this instruction did not deprive appellant of the defense of assumed risk, and perhaps also that of fellow

servant, under I. C. R. R. Co. v. Smith, 208 Ill., 608, and Terra Cotta Lumber Co. v. Hanley, 214 Ill., 243.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*