The People of the State of Illinois, Defendant in Error, v. Timothy Duggan, Plaintiff in Error.

## Gen. No. 5,142.

EVIDENCE—*competency of former prosecutions.* In a criminal case it is error to require a witness upon cross-examination to testify as to former prosecutions to which he has been a party defendant.

Prosecution for unlawful sale of liquor. Error to the County Court of De Kalb county; the Hon. WILLIAM L. POND, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

CLIFFE & CLIFFE, for plaintiff in error.

E. M. BURST, for defendant in error; IRWIN & EGAN and H. W. McEWEN, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Timothy Duggan was indicted in the Circuit Court of DeKalb county for the unlawful selling of intoxicating liquor in the town of DeKalb when the same was anti-saloon territory. The cause was certified to the county court for trial. Plaintiff in error was

found guilty under the first and second counts of the indictment and not guilty under the remaining counts. A motion for a new trial was denied and he was sentenced to confinement in the county jail for ten days under each of said first and second counts and was fined $100 under the first count and $50 under the second count and ordered to stand committed until fine and costs were paid or until plaintiff in error was discharged according to law. He has sued out this writ of error to review the judgment. Many of the contentions of plaintiff in error have been disposed of adversely to his position, in People v. Brown, *ante,* p. 365.

Plaintiff in error was a witness in his own behalf and his evidence tended to show that he was not guilty of the charge. On cross examination by the People he was required over the objections and exceptions entered in his behalf by his counsel, to answer the following questions, after it had appeared that prior to the town of DeKalb becoming dry territory, he had been engaged in the saloon business as bartender and proprietor for fourteen years:

"Q.   During the time you have been a saloon keeper in DeKalb county, have you been indicted by the grand jury for the sale of liquor?"

"Q.   Have you been indicted by the grand jury of this county for selling liquor to minors contrary to law?"

"Q.   Within two or three years have you been called upon in the circuit court of DeKalb county to plead to an indictment for selling intoxicating liquor?"

These questions resulted in the answer that he had once been called upon in the circuit court of DeKalb county to plead to an indictment for selling intoxicating liquor. In criminal cases the only charge which can be proved to affect the credibility of a witness is conviction of an infamous crime, and that conviction must be proved by the record and cannot be proved by oral testimony.   Bartholomew v. The People, 104 Ill.

601; Kirby v. People, 123 Ill. 436; Simons v. People, 150 Ill. 66; McKevitt v. People, 208 Ill. 460; O'Donnell v. People, 224 Ill. 218; Daxanbeckler v. People, 93 Ill. App. 553. In one respect the rule is different in civil cases, for there by our statute the witness may be compelled to testify orally to the conviction. But even there it is the conviction of an infamous crime which must be shown, as held in Matzenbaugh v. People ex rel., 194 Ill. 108; Burke v. Stewart, 81 Ill. App. 506; Pioneer Fire-proofing Co. v. Clifford, 125 Ill. App. 352; 135 Ill. App. 417, and 232 Ill. 150. In the case now before us the question which the witness was compelled to answer did not relate to an infamous crime, and did not inquire as to whether there had been any conviction, and this being a criminal case the witness could not be compelled to answer these questions, and could not be so discredited except by the record. The court erred in permitting this examination of the plaintiff in error; and as the case was close upon the proofs, the discredit thus cast upon the testimony given by the plaintiff in error may have caused the verdict against him.

For the error in permitting plaintiff in error to be cross examined as above set out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*