## The People of the State of Illinois, Defendant in Error, v. Frank Maas, Plaintiff in Error.

### Gen. No. 5242.

CRIMINAL LAW—*what not competent to affect credibility of defendant.* In a prosecution for unlawfully selling intoxicating liquor in anti-saloon territory it is error to compel the defendant to answer a question as to whether or not he did not previously plead guilty to a like charge. The only fact which can legally be proven to impeach a defendant in such matter is the fact of indictment and judgment of conviction of an infamous crime, and in criminal cases such fact can only be proven by the record.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Boone county; the Hon. WILLIAM C. DeWOLF, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

WILLIAM L. PIERCE, for plaintiff in error.

PATRICK H. O'DONNELL and CHARLES W. FERGUSON, for defendant in error.

· Mr. Presiding Justice Dibell delivered the opinion of the court.

Plaintiff in error was tried by a jury and convicted in the court below for unlawfully selling intoxicating liquor in the town of Belvidere while said town was anti-saloon territory, and was sentenced to a fine and imprisonment and has sued out this writ of error to review that judgment. There was evidence tending to show his guilt and evidence that he was not guilty. He was a witness in his own behalf and testified that he has not sold any intoxicating liquor to the prosecuting witnesses during the period covered by the testimony of said witnesses, which was in June and the first days of July, 1909. It is admitted that the town of Belvidere had been anti-saloon territory continuously since May 7, 1908. The information in this case was filed July 3, 1909. On cross-examination plaintiff in error was asked if he did not, on or about February 2, 1909, plead guilty in the Circuit Court of that county to selling intoxicating liquor since May 7, 1908. It was objected by his counsel in his behalf that he was not obliged to answer the question and that that was not the proper way to prove the fact. That objection was overruled and an exception to the ruling was duly preserved and he answered that he did so plead guilty. Nothing in the direct examination made this proper cross-examination. The only fact which could lawfully be proved to impeach the witness was not a plea of guilty of any offense, but only an indictment and judgment of conviction of an infamous crime, and in criminal cases such fact can only be proved by the record. Bartholomew v. People, 104 Ill. 601; Burke v. Stewart, 81 Ill. App. 506; Daxanbeklar v. People, 93 Ill. App. 553; Pioneer Fire-Proofing Co. v. Clifford, 125 Ill. App. 352. It was not here sought to prove a conviction but only a plea of guilty; the crime inquired about was not an infamous crime but a misdemeanor only; and the proof was not by the record but plaintiff in error was compelled to testify

thereto. We are of opinion that this was so serious a violation of his rights that the judgment ought not to stand.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*