## The People of The State of Illinois, Defendant in Error, v. William Dressen, Plaintiff in Error.

1. PLEADING—*effect of omission in indictment of phrase "then and there."* Held, in this case, that the omission of the phrase "then and there" would not work a reversal.

2. DRAM-SHOPS—*when description in indictment sufficient.* In an indictment charging the keeping of a saloon in anti-saloon territory the description of the place is sufficient where in form as follows: "The said place where the said intoxicating liquors were unlawfully sold, being then and there known and described as No. 1202 East Eldorado street, in the city of Decatur."

3. DRAM-SHOPS—*what indictment need not allege.* In an indictment charging the keeping of a saloon in anti-saloon territory, it is not essential that such indictment allege how and in what manner such territory became anti-saloon.

4. INSTRUCTIONS—*propriety of printing.* The fact that an instruction is printed upon a regular printing press and not typewritten, is not material and will not reverse.

5. INSTRUCTIONS—*as to credibility of detectives.* An instruction which seeks to discredit the evidence of professional detectives is bad if it invades the province of the jury.

Prosecution for unlawful sale of intoxicating liquor. Error to the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

WHITLEY & FITZGERALD, for plaintiff in error.

W. E. REDMON, for defendant in error.

PER CURIAM. · The plaintiff in error was convicted under an indictment charging him with selling intoxicating liquor and keeping a place where intoxicating liquor was sold, in the town of Decatur, which was therein alleged to be anti-saloon territory. He was found guilty of both offenses and fined $400 and ordered imprisoned in the county jail for forty days and until fine and costs were fully paid. The judgment further provided that the place of business conducted by him at 1202 East Eldorado street in the city of Decatur, be shut up and abated by the defendant and by the sheriff of said county until the said defendant should give bond in the penal sum of $1,000 payable to the People of the State of Illinois, conditioned that he would not sell liquor contrary to law and would pay all fines, costs and damages assessed against him for any violation thereof.

It is first urged as error that the court erred in refusing to quash the indictment and to arrest the judgment, for the reason that the indictment did not contain the phrase "then and there" preceding such issuable fact. There is no merit in such contention. Bobel v. People, 173 Ill. 19.

It is also urged that the sixth count in the indictment, which charged that "the said place where the

said intoxicating liquors were unlawfully sold, being then and there known and described as number 1202 East Eldorado street in the City of Decatur," was defective, in that such description is insufficient. We think otherwise. Daxanbeklar v. People, 93 Ill. App. 553.

It is next contended that the first count is defective in that it contains no allegation as to how or in what manner the town of Decatur became anti-saloon territory. Such allegation is unnecessary. Rev. Stat., chap 43, par. 4.

It is further contended that the court erred in giving the tenth instruction offered by the People, and in refusing certain instructions offered by the defendant. While the clause complained of in the tenth instruction, when read alone, is susceptible of being so construed as to warrant the criticism made, when taken as a whole it could not possibly have misled the jury. Moreover, a number of instructions were given at the request of the defendant, which fully and clearly cover the subject of reasonable doubt and are as favorable to the defendant as could be properly given. The complaint that the instruction was printed upon a regular printing press and not typewritten, and thus made unduly prominent, is exceedingly captious. Featherstone v. People, 194 Ill. 325; Young v. People, 193 Ill. 236; Hagenow v. People, 188 Ill. 545.

Defendant's refused instruction which seeks to discredit the evidence of professional detectives is so palpably bad as interfering with the province of the jury, that discussion of the same seems unnecessary.

It is claimed that the court improperly admitted in evidence a certified copy of an internal revenue certificate or stamp issued by the United States government to the "East End Exchange." The error, if any, was harmless, in view of the fact that the defendant in his testimony admitted that such a stamp or certificate was issued to him. The town clerk's record

was properly admitted in evidence under the provisions of chapter 43, paragraph 31 of the Revised Statutes.

We do not think the judgment can properly be said to be excessive and erroneous as claimed by the defendant. The evidence establishes, beyond a reasonable doubt, that the defendant, after local option law became effective in the city of Decatur, knowingly continued to conduct the business of selling intoxicating liquors in open defiance of such law.

The judgment of the Circuit Court is affirmed.

*Affirmed.*