## CHARLES J. BORSCHENIOUS

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

STATE'S ATTORNEY'S CONVICTION FEES — *whether allowable upon more than one of several counts in the same indictment.* Where a party is convicted under several counts in the same indictment, the State's attorney is entitled to a conviction fee upon each count under which there is a conviction.

APPEAL from the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. OLIVER C. GRAY, for the appellant.

Mr. C. BLANCHARD, State's Attorney, for the people.

Mr. JUTTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for the sale of liquor without license, containing ten counts. The defendant pleaded guilty, and the court rendered judgment —

" That the people of the State of Illinois, recover of said defendant ten dollars upon each of the ten counts in the said

indictment, amounting in the aggregate to the sum of one hundred dollars, for their fines; also their costs and charges in and about this prosecution expended; and that execution issue therefor, February 12, 1866."

A conviction fee of five dollars upon each count was taxed in favor of the State's attorney. The defendant moved to quash the fee bill, on the ground that only one conviction fee should have been taxed, and the court overruled the motion, whereupon the defendant appealed.

In cases of this character, the statute allows the State's attorney a fee of five dollars for each conviction. The appellant insists, that, in this case, there has been but one judgment, and consequently but one conviction. It is true there is but one entry of a judgment, but it will be observed that this entry, as above set forth, is a several judgment upon each count in the indictment, and by this judgment the defendant is "convicted" of ten distinct violations of the statute, and fined ten dollars for each violation. It is not urged that the judgment is improperly rendered, but it clearly is so unless the plea of guilty to the indictment is equivalent to a distinct conviction upon each count for as many distinct offenses. No objection, however, can be taken to the form of the judgment. The clerk might have made a separate entry of the judgment upon each count, but it was wholly unnecessary to do so. This one entry embodies a several judgment on each count. Although several counts are sometimes introduced into an indictment for the purpose of describing the same offense, yet in theory each count presents a different offense, and in cases of this character, on a general plea or verdict of guilty, the court must assess a fine under each count as for so many distinct offenses. These are so many distinct convictions, and the State's attorney is entitled to his conviction fee under each count.

So far as is known to the different members of this court, this has been the uniform practice of the various circuits in this State in cases of this character. We hold it to be clearly

warranted by law, and it is a far better practice than to compel the State's attorney to cumber the dockets and records of the courts with a separate indictment for each offense under this statute.

*Judgment affirmed.*