# JOSEPH KROER

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*indictment for keeping tippling house open on Sabbath.* An indictment under section 127 of the Criminal Code of 1845, which charges that the defendant, on the 10th day of March, 1874, the same being the Sabbath day, in the night-time of said day so being the Sabbath day, did unlawfully keep open a tippling house, etc., is sufficient, and a motion to quash should be overruled.

2. This statutory offense might be committed during the time embraced between the preceding midnight and the dawn of Sabbath morning.

3. KEEPING OPEN TIPPLING HOUSE *on the Sabbath — what constitutes.* On the trial of a party indicted for keeping open a tippling house on the Sabbath day, the court was asked to instruct the jury that it must be shown by the evidence that the house was kept open for tippling purposes, as on week days, before the defendant could be convicted; but the court modified the instruction by omitting the words "as on week days:" *Held,* there was no error.

4. It is not necessary, to constitute the offense under the statute, that the house be kept open as on week days. It will be within the offense named if it is so kept that access may be had thereto on the Sabbath, and facilities afforded for the obtaining of intoxicating drinks, and it is not material whether the access is by the front door or back door, or whether the door is kept open or is only opened on application for admittance.

5. JUROR—*competency.* It is not ground of challenge, on the trial of one indicted for keeping open a tippling house on the Sabbath day, that a juror has a bias or feeling against persons engaged in the business of saloon keeping, and a prejudice against the selling of liquors, when he states that such feeling and prejudice would not influence his judgment, and that his feeling and prejudice was against the business, and not against the persons engaged in it, and that he would do the defendant justice.

6. SEVERAL JUDGMENTS *on different counts.* Where a defendant was found guilty upon two counts in an indictment, one for keeping open a tippling house on the Sabbath day, and one for keeping open a tippling house on Sabbath night, it was proper to render a several judgment on each count.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the plaintiff in error.

Mr. JAMES S. COCHRAN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment for keeping open a tippling house on the Sabbath day and night, under section 127 of the Criminal Code of Rev. Stat. 1845. The defendant was convicted upon the first and fifth counts of the indictment, the first charging him with keeping open a tippling house in the day-time of the Sabbath day, the fifth with keeping it open in the night-time of the Sabbath day.

It is assigned for error—

1st.   That the court below refused to quash the fifth count of the indictment.

The language of the aforesaid section, so far as relates to this offense, is:   If any person, etc., shall keep open any tippling house on the Sabbath day or night, etc., every such person shall, on conviction, be fined, etc.   The fifth count charges that the defendant, on the 10th day of March, 1874, the same being the Sabbath day, in the night-time of said day so being the Sabbath day, did unlawfully keep open a tippling house, etc. The objection taken is, that the words "Sabbath night" mean the period of night or darkness *following* the Sabbath day; that the period between midnight preceding the Sabbath and the dawn of Sabbath morning, is a portion of the night-time of the Sabbath day, yet it is not any portion of "Sabbath night," whence it follows that the averments of this count may be true, and still the defendant be guilty of no offense under the statute.

We do not accede to the construction that this statutory offense could not be committed within that period of time

embraced between the preceding midnight and the dawn of Sabbath morning. We think it might be, and consequently the objection fails. We do not consider that the averments in this count could be true, and yet there have been no violation of the statute. The motion to quash was properly overruled.

2d. That the court below erred in overruling defendant's challenge for cause to the juror Fowler. The juror, on examination upon his *voir dire*, testified that he had a feeling or bias against persons engaged in the business of saloon keeping; that he had a prejudice against the selling of liquors; that, notwithstanding this feeling, he could do the defendant justice—it would not influence his judgment; and further, on examination by the State's Attorney, that he had no prejudice or feeling against the persons who sell and are in the business; that it was the business; he had no feeling against the persons.

The juror's feeling of aversion was only to the traffic in intoxicating liquors. Defendant was not entitled to have a jury of such persons as entertained the contrary feeling. He might as well have insisted upon having a jury composed of persons holding lax notions upon the subject of the observance of the Sabbath day. It did not appear that the juror had formed an opinion of the guilt of the defendant, or that he entertained a prejudice against him. The juror was competent. *Thomson* v. *The People*, 24 Ill. 60; *Leach* v. *The People*, 53 id. 311; *Musick* v. *The People*, 40 id. 268. In the last cited case, one of an indictment for the larceny of a horse, a juror's admission that he was prejudiced against persons guilty of stealing horses, was held not to disqualify him.

3d. That the court erred in giving instructions on behalf of the prosecution, and in modifying defendant's instructions.

The court instructed, on behalf of the people, that, if the defendant kept a drinking saloon for the sale of ale, beer or

strong and intoxicating drinks, by the glass or drink, and that Byron Goddard, John Schueller and Philip Schueller, or other person or persons, had free access thereto, and bought and drank ale, beer or other intoxicating liquors therein in the night-time of one or more Sabbath days, etc., that such is a keeping open of a tippling house, etc.

The following instruction, asked by the defendant, the court modified by adding thereto the words printed in *italics :*

"10. Even if the jury should believe, from the evidence, that the defendant, on a Sunday within eighteen months prior to the finding of the indictment in this case, opened the door of his saloon and admitted one or more persons then and there applying for admission, and immediately closed said door, and that such persons, after remaining in said saloon for a few minutes, were allowed, by the defendant, to depart from said saloon, such opening did not amount to keeping open a tippling house on Sunday. *This is so, unless the jury believe, from the evidence, that the persons so admitted by the defendant, or some of them, bought and drank beer, whisky, gin or some other intoxicating or spirituous liquors therein."*  ·

And the following one was modified by striking out the words printed in SMALL CAPITALS, and inserting those in *italics:*

"11. The jury are instructed, that merely opening the door of the defendant's saloon on Sunday, *without selling intoxicating liquors therein,* does not constitute an offense under the statute, but the prosecution must show that said saloon. was kept open on Sunday, (AS ON WEEK DAYS), for tippling purposes, before the defendant can be convicted of the offense charged in the indictment."

From the objections taken and urged in respect to the action of the court upon these instructions, it would seem to be the view of appellant's counsel that, to make the offense under the statute of keeping open a tippling house on the·Sabbath

day, the house must be kept open in the same manner as on week days, and stress is laid upon the literal wording of an expression made use of in the opinion in the case of *Patten* v. *City of Centralia,* 47 Ill. 371, as countenancing such view. It was there said, in reference to such tippling house: "It must be kept open, as on week days, for tippling purposes." But the purport of that decision is mistaken, if it is supposed to be that the tippling house must be kept open in the same manner as on week days. The meaning was, that the object or purpose for which the house shall be kept open on Sundays shall be the same as on week days, *i. e.* for tippling purposes.

We understand that a tippling house will be kept open on the Sabbath day, within the meaning of the statute, where it is so kept that access may be had thereto on the Sabbath day, and facility afforded for the obtaining of intoxicating drinks. It is not necessary that the house should be kept open in all respects, its front door and its windows, as on week days. It is not material whether the entrance afforded be at the front door or at a back door; whether the door be kept open for admittance, or a closed door is opened for admission on application; or whether admittance be gained by a way known to the *general public or not.* It is sufficient that admittance be afforded to those who apply for admission, and that they are there accommodated with the beverages furnished at a tippling house.

The instruction for the people may be open to criticism, as not being strictly accurate in saying, in effect, that, if any one person had free access to the defendant's saloon, and bought and drank intoxicating liquors therein, there was a keeping open of the tippling house. That would be evidence from which to infer the saloon was kept open, but it might not, perhaps, properly be said, as matter of law, to be the keeping it open.

But the evidence was, that, on different Sabbath days and nights, several persons at each time—although they gained admission by a back way and door—were present together in defendant's saloon, drinking intoxicating liquors, and that

the defendant was there behind the bar, selling and handing out the drinks. In view of the evidence in the case, we can not say that there was any material error in the instructions given on behalf of the people.

We see no error in the modification of defendant's instructions.

4th. That the court below erred in imposing upon the defendant two fines of $75 each for each offense.

Plaintiff's counsel question the power of the court, in cases of misdemeanors, where the indictment contains several counts, and the defendant is found guilty on more than one count, to impose more than one punishment. The language of the statute prescribing the punishment is: "Every such person shall, on conviction, be fined not exceeding one hundred dollars, or imprisoned not exceeding six months."

The judgment in this case is a several judgment upon each of the two counts under which the defendant was convicted, that he pay a fine of $75 for the offense charged in each count.

The practice has prevailed in this State, in prosecutions for the sale of spirituous liquors without license, to join several distinct offenses in different counts in one indictment, and to assess a several fine under each count whereon there is a conviction. In *Borschenious* v. *The People*, 41 Ill. 236, this practice was approved and commended as a far better one than to compel the State's Attorney to encumber the dockets and records of the courts with a separate indictment for each offense under the statute. We see no reason why the same rule of practice should not obtain in prosecutions of the present character. A difference of phraseology in the two cases, in the language of the statute prescribing the punishment, is adverted to as affording warrant for a difference in practice, the language, in the case of the unlawful sale of spirituous liquors, being, in the former statute upon the subject, that the person offending "shall, on conviction, be fined, for every offense, ten dollars."

On account of this difference of phraseology in the statutes in the two cases, we perceive no reason for a distinction to be made in the particular now under consideration.

Without adverting to anything more, it is sufficient to say, that, under the long sanctioned practice in this respect referred to, which has been specially commended by this court for observance, the judgment, in the form it is rendered, should be upheld.

The judgment will be affirmed.

*Judgment affirmed.*