## MATTHEW TEERNEY

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. PRACTICE—*special term of court.* It is not necessary that the order calling a special term of court should be set out in the record. Unless the contrary expressly appears, the presumption of law is in favor of the regularity of the term.

2. CRIMINAL LAW—*several counts in an indictment.* Where there are several counts in an indictment, a portion of which are regularly numbered by having numerals prefixed to them, and others have the same numerals prefixed, and the judgment refers to the counts by their numbers, it is to be taken as referring to them in the order in which they appear in the record or indictment, without reference to the numerals that may be prefixed to them.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. J. C. ALLEN, Judge, presiding.

Messrs. SOMERS & WRIGHT, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment against the plaintiff in error, for selling intoxicating liquor without having a license to keep a grocery.

The defendant was convicted and fined $20, and sentenced to ten days imprisonment in the county jail under each of the twelve counts in the indictment.

Various objections are urged, none of which do we find sufficient to cause a reversal of the judgment.

We find no error in the instructions, and that the evidence was sufficient to sustain the verdict.

There is some obscurity in the language used in the 4th, 5th and 6th counts, occasioned by the words "intoxicating" and "liquors," being separated by other words thrown in, it would seem, parenthetically. But it appears with reasonable certainty what the offense charged was—that it was for selling intoxicating liquors without license, in violation of the statute.

It is unnecessary that the order calling a special term of the circuit court should be set out in the record. Unless the contrary expressly appears, the presumption of law is in favor of the regularity of the term. *Cook* v. *Renick*, 19 Ill. 598.

It is claimed there is an uncertainty in the judgment, owing to the irregular mode of numbering the counts. The first six counts are regularly numbered in numerical order. The last six counts, instead of being numbered continuously on, are numbered in the same manner as the first six, making the highest number employed that of 6, the two series of counts bearing the same numbers. The numerals which happen to have been placed before the counts, are not to be regarded, but the reference to the numbers of the counts in the judgment are to be taken as referring to the counts in the order in which they appear in the record or indictment.

The judgment upon each count is clearly several, (*Borschenious* v. *The People*, 41 Ill. 236,) and does not come within the case of *The People* v. *Whitson*, 74 Ill. 20.

The objection that no greater punishment than $100 fine and 30 days imprisonment can be inflicted in any one prosecution, under the statute, was considered and disposed of adversely to the objection, in *Kroer* v. *The People*, 78 Ill. 294. Although that case arose under a different statute, the prin-

ciple of the decision applies here, and it meets fully the argument which is here employed.

The record sufficiently shows the organization of the court and the presence of the judge and officers of the court. *Yates v. The People,* 38 Ill. 528.

The judgment will be affirmed.

*Judgment affirmed.*