## Martin Gallagher et al.
## v.
## The People of the State of Illinois.

*Dram-Shops — Common Nuisance —What Must Appear to Warrant Conviction—Evidence.*

1. To warrant the conviction of a dram-shop keeper for keeping a common nuisance, it is only necessary to show that the defendant kept a place for the sale of liquor, and that at such place, within eighteen months before the filing of the information, intoxicating liquor was sold to a person who was intoxicated, or who was in the habit of getting intoxicated.

2. Upon an information charging the defendants with keeping a common nuisance, under Sec. 7 of the dram-shop act, it is *held:* That there was no error in the refusal of the court to quash the information; that the court properly permitted witnesses to state that certain persons named were in the habit of getting intoxicated; that the refusal to permit certain witnesses to state whether they had contributed money to aid the prosecution of the case, though improper, is not such error as to require a reversal; and that certain other matters in regard to the prosecution and the defendants' license were properly excluded.

[Opinion filed February 17, 1887.]

In error to the County Court of Fulton County; the Hon. T. A. Boyd, Judge, presiding.

In connection with this case, compare the case of Nicholson v. The People, *ante,* p. 57.

Messrs. H. M. MASTERS and G. BARRERE, for plaintiffs in error.

Messrs. W. M. VANDEVENDER, State's Attorney, and GRAY & WAGGONER, for defendants in error.

*Per Curiam.* This was an information charging the defendants with keeping a common nuisance, under Sec. 7 of the dram-shop act. There was a conviction and judgment thereon that the defendants each pay a fine of $50, and be imprisoned in the county jail for twenty days, and abating the saloon, etc.

It is urged the information should have been quashed because not filed as required by law. In another case wherein these parties were connected (*ante*, p. 397), we had occasion to consider the subject here involved, though not in precisely the same aspect as now. We are inclined to hold there was no error in this respect, nor do we think the first and second counts are subject to the objection of duplicity.

Another objection, which we considered in the former case, is here presented, that the court permitted witnesses to state that certain persons named were in the habit of getting intoxicated. For the reasons then expressed we hold there was no error in this respect.

It is urged, also, the court erred in not allowing defendants to ask the witnesses Eskridge, Brown and Rice, on their cross-examination, whether they had not contributed money to aid the prosecution of the case. It was a proper question, tending to show the interest they took in the case, and might, in some degree, have affected their credibility with the jury; but the majority of the court are of opinion, in view of the other evidence and of the whole record, that the refusal to allow this question is not such error as to warrant a reversal of the judgment.

It was sought to prove by Daudson and Euchelberger that they had signed the complaint on information in the case; that they were members of the executive committee of the Temperance League, and that they had proposed, if the defendants would quit the business, no new suits would be com-

Gallagher v. The People.

menced against them. This was excluded by the court, and, as we think, properly.

The court excluded the license of defendants to keep a dram-shop. No valid objection is perceived to this ruling. The defendants were not charged with selling without a license, but with selling to persons to whom the law says liquors shall not be sold.

More important questions arise upon the construction given by the court to the section of the statute under which the information was presented, as shown in the giving and refusing of certain instructions. In effect, it was held that if at any time within eighteen months before the filing of the information the defendants kept a place for the sale of liquor, and that at such place within that period intoxicating liquor was sold to a person while intoxicated, or who was in the habit of getting intoxicated, such sale would sustain the charge set out in the information, and that in such case it was immaterial whether the seller knew the character or condition of the person to whom the liquor was sold.

A majority of the court agree with the construction thus put upon the statute. The evidence was ample to sustain a conviction under this view of the law, and the judgment will be affirmed. .

*Judgment affirmed.*