By the Court:
The defendant was placed on trial for allowing his saloon to remain open on Sunday. Evidence was offered by the state tending to show that he admitted two persons to his saloon on the day named, that they remained there for some hours at work varnishing the woodwork, and that they drank beer, for which they did not pay. Evidence was also introduced by the state tending to show that several other persons were admitted to defendant’s saloon on the day named for the purpose of buying oysters, and oysters were sold to them. The defendant offered no evidence.
After the conclusion of the evidence the prosecuting attorney requested the court to give to the jury the following instructions:
“That if said place was, on said day, so kept open as to be accessible, either by front, rear or *322 side door, to such, of defendant’s patrons as might wish to enter, and occupy same as a resort, or such persons of the public as might wish to enter, the jury should return a verdict of guilty, ” which was refused.
The court did give to the jury the following instructions : “In contemplation of law, the defendant, to be guilty of allowing his saloon, or place where intoxicating liquors are sold, to remain open, must have knowingly permitted and allowed such place to remain open for' business purposes, or as a place of public resort, in such manner as to induce the public to enter the same. The policy of the law is to require keepers of places where intoxicating’ liquors are sold or exposed for sale to remain closed upon the first day of the week; that is, the keeper of the place is not in law allowed to open up his place and carry on business on Sunday as he does on other days of the week, but the business must close on that day.”
Other like instructions were given, to all of which, as well as to the refusal of the court to give the instruction requested, the prosecuting attorney excepted. The statute which the defendant was charged with violating is section 11, of the act known as the Dow Law, being section 8092-18 S. & B., Revised Statutes; section 8902y, Revised 'Statutes. It provides that “all places where such intoxicating liquors are on other days sold or exposed for sale, except regular drug stores, shall on that day (Sunday) be closed, and *. * * whoever allows any such place to be open or remain open on that day shall be fined, etc.” The statute requires the place to be closed, while the instructions indicated the opinion of the trial judge to *323 be that the regular business should be closed. The instructions given, and the refusal to instruct as requested, introduced a question as to defendant’s purpose, which the terms of the statute do not permit. People v. Cummerford, 58 Mich., 328; Kroer v. The People, 78 Ill., 294. That emergencies might arise which would make it lawful for the proprietor and others to enter a- saloon upon Sunday, may be a necessary inference from the general purpose of the statute. But there was no suggestion of such emergency in this case.

Exceptions sustained.