### James Purefoy v. The People of the State of Illinois.

1. TIPPLING HOUSES—*Keeping Open on Sunday.*—In order to convict a person of keeping open a tippling house on Sunday, it must be shown that admittance was afforded to those who applied for it, and that they were accommodated with the beverages furnished at tippling houses.

2. SAME—*What is Not Sufficient.*—The mere fact that a person ob-

tained intoxicating liquors at a tippling house on Sunday, after he is there for another purpose, is not enough to convict the proprietor of keeping open on Sunday.

**Indictment,** for keeping a tippling house open on Sunday. Error to the County Court of McLean County; the Hon. C. D. MYERS, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

ROWELL, NEVILLE & LINDLEY, attorneys for plaintiff in error.

In order to constitute the offense as charged in the indictment, the tippling house must have been kept open on Sunday to do the same business as ordinarily done through the week—to sell liquors to persons who may desire to purchase.

A person will be held liable under the statute for keeping open a tippling house on Sunday when it is shown that the party charged with the offense kept the house open and showed his willingness and readiness to sell beer on Sunday if he sold but a single glass, or if he did not sell any. Kopp v. The People, 47 Ill. 327.

Merely opening the door of a tippling house on Sunday would not constitute the offense aimed at; it must be kept open as on week days for tippling purposes, to sell liquor to persons who want to buy. Patten v. City of Centralia, 47 Ill. 370.

The meaning of the statute is not that the saloon must be kept open in the same manner as it was on week days in order to constitute the offense, but that the object and purpose for which it shall be kept open on Sunday shall be the same as on week days, for tippling purposes. Kroer v. The People, 78 Ill. 294.

JOHN A. STERLING, State's Attorney, for defendant in error.

" Whoever keeps open any tippling house, or place where liquor is sold or given away, upon the first day of the week, commonly called Sunday, shall be fined not exceeding $200." Starr & Curtis' Crim. Code, Sec. 315, p. 824..

The only requirement under this statute to constitute the offense charged is to keep open a tippling house on Sunday, so that a person may have access to the liquor kept there with the knowledge or consent of the defendant or his proper agent. It makes no difference how the person having access, or the privilege of access, may get the liquor, whether he may purchase it or have the privilege to purchase it, or whether it be given to him. The purpose of the statute is to prevent the use of intoxicating liquor, and drunkenness on the Sabbath day as an offense against public morals. To accomplish this it seeks to remove from the path of men this temptation of open tippling houses, by making, in a measure at least, such liquors inaccessible on that day. It is not necessary to constitute the offense that liquor be actually sold or given away. If the defendant, or his agent, is at his place of business ready and willing to deal out liquor, or if he offer facilities for getting it at his place of business on that day to those who may desire it, he has committed the offense even though no one calls for it. Nor is it necessary to constitute the offense that defendant kept open his place of business as on week days. Kroer v. The People, 78 Ill. 294; Koop v. The People, 47 Ill. 327.

Mr. Justice Wall delivered the opinion of the Court.

The plaintiff in error was convicted of the offense of keeping open a tippling house on Sunday. He has brought the record here and insists that the evidence does not support the charge. The proof is in substance that the witness, on one occasion, helped the defendant to close up the saloon on Saturday night after the closing hour of eleven o'clock and that they did not get through until after midnight. On that occasion the witness got two drinks of beer, whether before or after twelve o'clock is not shown, and he was paid fifty cents for the job. On another occasion some months later the same witness, by agreement, went to the saloon on Sunday for the purpose of helping the defendant make some change in the bar fixtures. Not finding defendant there he went to his residence on the same lot and

called him, when defendant opened the saloon and they made the intended changes in the fixtures.

The witness was permitted at that time to help himself to whatever he wanted, and was paid twenty-five cents for his work. The following Sunday he went there again by arrangement, to help move the counter, and as before he got some beer and was paid twenty-five cents for his work. On the last occasion another man was present and helped with the counter which was too heavy for the witness and defendant to handle without assistance.

In the case of Kroer v. The People, 78 Ill. 294, the Supreme Court say:

" We understand that a tippling house will be kept open on the Sabbath day within the meaning of the statute when it is so kept that access may be had there on the Sabbath day and facility afforded for the obtaining of intoxicating drinks.

" It is not necessary that the house should be kept open in all respects, its front door and windows, as on work days. It is not material whether the entrance be afforded at the front door or at a back door; whether the door be kept open for admittance, or a closed door is open for admission on application; or whether admittance be gained by a way known to the general public or not.   ·       .    .

" It is sufficient that admittance be afforded to those who apply for admission and that they are there accommodated with the beverages furnished at a tippling house."

Applying the principle to be deduced from the above quotation we think the evidence in this record fails to support the verdict. On neither of the occasions was the saloon opened for the purpose of dispensing drink. The mere fact that the witness obtained liquor there after he had gone in for another purpose is not enough. Nor is it material whether what he drank was in part pay for what he did, of which there is no proof. The offense charged is not the selling or giving of liquor in a tippling house on Sunday— but keeping open a tippling house on that day—that is, admitting persons there for the purpose of tippling.

Here all that was done was to admit the witness for the purpose of doing certain work, and there is no reason to suppose that there was any intended evasion of the statute.

There was no "keeping open" within the statute. The judgment will be reversed and the cause remanded.