## Andrew Grom v. The People of the State of Illinois.

### Gen. No 4,788.

1. DRAM-SHOP ACT—*what essential to valid indictment under section 7.* An indictment under section 7 of the Dram-shop Act is not sufficient when it merely alleges that the defendant sold intoxicating liquor at the place specified. It must allege that the defendant was the keeper of such place. Such an indictment must likewise allege that the place in question was a tavern, eating house, bazaar, grocery or the like, or else use descriptive words which show that the place in question was a public resort.

2. DRAM-SHOP ACT—*what indictment should contain, where part of judgment sought is that the defendant's resort be abated.* Where

in a prosecution under the Dram-shop Act, it is not only sought to impose a fine for the keeping of a dram-shop contrary to the statute but also to abate such dram-shop, the indictment should describe the location of the place with sufficient particularity so that an officer undertaking to execute the judgment shall be both guided and protected.

3. JUDGMENT—*when not unit with respect to reversal.* While an ordinary judgment is a unit, and if any part of it must be reversed the whole judgment must fall, the case of an indictment or information charging separate and distinct misdemeanors in different counts, presents an exception to that rule. Where there are separate and distinct convictions on each count, a reversal may be ordered as to some and an affirmance as to others.

Criminal prosecution under Dram-shop Act. Error to the County Court of DeKalb county; the Hon. W. L. POND, Judge, presiding. Heard in this court at the April term, 1907 Affirmed in part and reversed in part Opinion filed August 6, 1907.

**Statement by the Court.** The state's attorney of DeKalb county filed an information in the County Court against Andrew Grom, containing thirty-four counts. The first twenty-six counts were drawn under section 2 of the Dram-Shop Act and charged so many separate sales of liquor by defendant without a license. The remaining counts sought to charge defendant with maintaining a common public nuisance and some of them at least were drawn under section 7 of said act. Defendant pleaded not guilty, and was tried by a jury and was convicted under each count. Thereupon the state's attorney by leave of court, entered a *nolle prosequi* as to all counts after the twenty-sixth except the thirty-second. Motions for a new trial and in arrest of judgment were denied. Defendant was sentenced to pay a fine of $20 and costs under each of the counts numbered from 1 to 26 inclusive, and was sentenced under the thirty-second count to pay a fine of $50 and costs, and to imprisonment in the county jail for twenty days, and that the place so kept as a common or public nuisance by defendant be shut up and abated till defendant shall give bond and security in the sum of $1,000 not to sell intoxicating liquors

contrary to the laws of this state, and to pay all fines, costs and damages assessed against him for any violation thereof. It was also adjudged that defendant stand committed to the county jail till said fines and costs were paid. This is a writ of error sued out by defendant to review said judgment.

Section 7 of the Dram-Shop Act is in part as follows: "All places where intoxicating liquors are sold in violation of this act, shall be taken, held and be declared to be common nuisances, and all rooms, taverns, eating houses, bazaars, restaurants, drug stores, groceries, coffee houses, cellars, or other places of public resort, where intoxicating liquors are sold in violation of this act, shall be deemed public nuisances; and whoever shall keep any such place by himself, or his agent or servant, shall, for each offense, be fined not less than $50 nor more than $100 and confined in the county jail not less than twenty nor more than fifty days, and it shall be a part of the judgment, upon the conviction of the keeper, that the place so kept shall be shut up and abated until the keeper shall give bond," etc.

The thirty-second count informed the court that defendant, within certain dates, "in a certain room, at and within the county of DeKalb and state of Illinois aforesaid, not then and there having a legal license to keep a dram-shop, other intoxicating liquor did then and there sell, to be drank in, upon and about the room and premises where so sold, and in the room, building and premises, or other place of public resort adjacent to said room and premises, and yet doth continue, to the great damage and common nuisance," etc.

CLIFFE & CLIFFE and N. J. ALDRICH, for plaintiff in error.

EDWARD M. BURST, State's Attorney, and CARNES, FAISSLER & COCHRAN, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Defendant had kept a saloon at the place in question. He had been refused a further license. Thereafter he sold large quantities of a liquor which he called "Tonica," and he had sold it many times to the parties named in the information. There was proof that it was intoxicating, and other proof that it was not. We see no reason for disturbing the verdict of the jury on that subject in favor of the prosecution. If it was intoxicating, the verdict of guilty under each of the first twenty-six counts of the information was warranted by the proof, and the judgment upon that verdict should be affirmed.

The thirty-second count fails in two or three particulars to state a case against defendant under section 7 of the Dram-Shop Act. That section is directed against one who keeps such a place as is therein specified. This count does not aver that defendant was the keeper of the place, but only that he sold intoxicating liquor there. If the proof had shown that defendant was a servant or employe, or that he was a stranger or casual visitor, who sold liquor there, that proof would have established the allegation of this court in that respect, and might have authorized his conviction of another offense, but it would not show defendant liable to the fine and imprisonment and other penalties provided by said section 7 against the keeper of such a place. Again, the section in question is aimed only at the keeper of a place of public resort. This count does not allege that this was a place of public resort, but only that it was a "room." No doubt such words as tavern, eating house, bazaar, grocery, and the like, used in this statute, imply a place of public resort, but such a meaning is not attached to the word "room," which applies as truly to a place of great privacy as to a place of public resort. Aultfather v. The State, 4 Ohio St. 467. There should therefore have been an averment that said room was a place of public resort. Further, it is a part of the judg-

ment authorized by said section 7 that the place of public resort so kept as to become a public nuisance shall be shut up and abated. Where it is a part of the judgment that a particular place shall be abated, it would seem that the information or indictment should describe the location of the place with sufficient particularity so that an officer undertaking to execute the judgment shall be both guided and protected. We impliedly so held in Daxanbeklar v. People, 93 Ill. App. 553. See State v. Waltz, 74 Iowa 610; 2 Bishop's New Crim. Procedure, secs. 866, 871. A doubt upon this subject is suggested by section 14 of the Dram-Shop Act, which enacts that in all prosecutions under that act it shall not be necessary to describe the place where the liquor is sold. That provision is properly applicable to indictments and informations which charge the unlawful sale of liquors. But section 7 is not addressed to the offense of selling liquor contrary to law, but to the offense of keeping a place of public resort where liquor is sold contrary to law, thereby creating a public nuisance, and the abatement of the nuisance is a part of the judgment. The description in the thirty-second count is only "a certain room at and within the county of DeKalb and State of Illinois." We are not satisfied by the argument made that this is a sufficient description under the law, but as we are clearly of opinion that the count is fatally defective in the other respects named, we leave that question open for further consideration if so defective a description is again presented in such a case. It follows that the judgment under the thirty-second count should be reversed.

While an ordinary judgment is a unit, and if any part of it must be reversed the whole judgment must fall, the case of an indictment or information charging separate and distinct misdemeanors in different counts presents an exception to that rule. These are several and separate convictions and judgments under each count. Borschenious v. People, 41 Ill. 236; Kroer v.

The People, 78 Ill. 294; Teerney v. People, 81 Ill. 411; Kettles v. People, 221 Ill. 221. It follows that we may reverse the judgment under one count and affirm the judgment under another count charging another offense.

The judgments under the counts of the information numbered one to twenty-six inclusive, are therefore affirmed. The judgment under the thirty-second count is reversed. There will be no judgment for costs in this court.

*Affirmed in part and reversed in part.*