# John W. Gaul v. The People of the State of Illinois.

## Gen. No. 4,854.

1.  INSTRUCTIONS—*when errors in rulings upon, will not reverse.*
Errors with respect to rulings upon instructions will not reverse
where the judgment is clearly right.

2.  DRAM-SHOP ACT—*what not essential to lawful conviction under.*
A dram-shopkeeper is bound, at his peril, to know whether sales
made by him are lawful or unlawful.

3.  DRAM-SHOP ACT—*when instruction in prosecution under, erro-
neous.* In a prosecution under the Dram-Shop Act for unlawfully
selling liquor to a minor, an instruction which assumes that the
person to whom the sale was made was a minor, where such fact
is disputed, is prejudicially erroneous.

4.  JUDGMENT—*when may be affirmed in part and reversed in part.*
Where, in a prosecution under the Dram-Shop Act, there have been
several separate and distinct convictions under several separate and
distinct counts, a proper conviction may be affirmed and an erro-
neous conviction may be reversed.

Criminal prosecution for violation of Dram-Shop Act. Error to
the County Court of Warren County; the Hon. J. W. CLENDENNIN,
Judge, presiding. Heard in this court at the April term, 1907. Af-
firmed in part, reversed in part and remanded. Opinion filed August
6, 1907. Rehearing denied October 4, 1907.

**Statement by the Court.** John W. Gaul was tried in
the court below under an information charging him with vio-
lation of the Dram-Shop Act, and was convicted under the
fifth count, which charged him with selling intoxicating
liquor to John Carr, a minor, without the written order of
his parent, guardian or family physician; under the seventh
count, which charged him with selling intoxicating liquor
to Jerry Leeper, who was then and there in the habit of get-
ting intoxicated; under the eleventh count, which made a like
charge as to Thomas Sullivan, junior; and under the twenty-
fifth count, which charged that defendant without having a
legal license to keep a dram-shop, did unlawfully keep a room
and place (describing its location with due particularity),
where intoxicating liquors were then and there unlawfully
sold to divers persons who were then and there in the habit of

getting intoxicated, and also to a certain minor without the written order of his parents, guardian or family physician, in violation of the Dram-Shop Act, and that said room and place became and was a common nuisance. A motion by defendant for a new trial was denied. Defendant was sentenced to pay a fine of $60 under each of said counts numbered 5, 7, 11 and·25, and to pay the costs, and to stand committed till said fine and costs were paid or till he was discharged by due process of law. He was also sentenced under said count number 25 to imprisonment in the county jail for thirty days, and that the room and place described in said 25th count be abated till said defendant gives bond, etc. The alleged illegal acts were committed just outside the limits of the city of Monmouth. This is a writ of error sued out by defendant to review said judgment.

COOKE & STEVENS and CHARLES A. McLAUGHLIN, for plaintiff in error.

CLINTON M. HUEY, State's Attorney, for defendant in error; LOUIS H. HANNA and JOHN H. HANLEY, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

There are errors in the instructions, but we find from a reading of the evidence in the record itself that defendant was so clearly proven guilty under counts 7, 11 and 25, that in our judgment he was not harmed or prejudiced as to those counts by such errors in instructions. For instance, the fourth and eighth instructions permitted a conviction for keeping a common nuisance, upon proof of a single unlawful sale at a room kept by defendant, and this we think is not the meaning of section 7 of the Dram-Shop Act, under which the 25th count is framed. But the proof is clear that defendant made repeated unlawful sales of intoxicating liquor at said place, and that a conviction under many more counts would have been proper, and so he was not harmed by that erroneous feature of the instructions. Defendant argues that under the 25th count it was necessary for the

prosecution to aver and prove, or at least to prove, that defendant knew that the sales he made were unlawful. We held the contrary in Daxanbekler v. People, 93 Ill. App., 553, following Gallagher v. People, 29 Ill. App., 401. Defendant made the sales knowingly. He was bound at his peril to ascertain whether they were sales which the law forbade him to make. The principle is thus stated in McCutcheon v. People, 69 Ill., 601: "If he does not know the party who seeks to buy intoxicating liquors at his counter is legally competent to do so, he must refuse to make the sale. It is made unlawful, either with or without a license, to sell to a certain class of persons, and to another class except under certain conditions; and if he violates either clause of the statute, he must suffer the penalties imposed for its violation. It is no answer to this view to say the licensee may some times be imposed upon and made to suffer the penalties of the law, when he had no intention to violate its provisions. This is a risk incident to the business he has undertaken to conduct, and, as he receives the gains connected therewith, he must assume also with it all the hazards." This decision has often been approved since, and that ruling has been extended to other like cases. Sykes v. People, 127 Ill., 117; American Car Co. v. Armentraut, 214 Ill., 509. We are of opinion that the conviction and judgment, under the 7th, 11th and 25th counts, ought to stand.

The fifth instruction given at the request of the prosecution told the jury that if they believed from the evidence beyond a reasonable doubt that defendant sold intoxicating liquor to John Carr without the written order of his parent, guardian or family physician, then they might find defendant guilty. The fifth count charged that John Carr was a minor. Defendant pleaded not guilty, and this plea put the prosecution upon proof of every material allegation of any count upon which a conviction was had. The age of John Carr was material. This instruction did not submit that question of fact to the jury, but assumed that he was a minor. Carr was a detective from Chicago, hired to secure proof of unlawful sales by defendant and by two other

parties to a minor. He came to Monmouth, made or claimed to have made single purchases from defendant and from said two other parties, and appeared as a witness for the prosecution at the trial. He had never before been in Monmouth and was a stranger to defendant. He testified that he was eighteen years of age about four months before he bought the liquor of defendant. Defendant denied that he sold liquor to Carr, but it is evident he could not refute Carr's testimony as to his age except by such cross-examination as might lead the jury to question his credibility. He was cross-examined sharply, and failed to remember certain details of his past life. He was a detective under pay. Without making any suggestion as to the probable truth or falsity of his testimony, we think defendant had a right to submit to the jury the question whether he was worthy of belief, and that not only on the question whether he did buy liquor of defendant, but also on the material question of his age. That question was taken from the jury by the fifth instruction, and for that reason a conviction under the fifth count ought not to stand.

Where each of several counts in an indictment or information charges a different misdemeanor from that charged in the others there is a separate and distinct conviction under each count upon which the defendant is found guilty. There is in reality a separate and several judgment under each count. Borschenious v. People, 41 Ill., 236; Kroer v. People, 78 Ill., 294; Teerney v. People, 81 Ill., 411; Kettles v. People, 221 Ill., 221. It follows that the judgment under the fifth count is separate from and independent of the judgment under the 7th, 11th and 25th counts, and the one can be reversed without reversing the others. This exception to the usual rule that a judgment is a unit, and if fatally erroneous in any part must fall entirely, arises from the unusual but long approved practice of including in different counts distinct misdemeanors of the same general character. We see no reason why three just convictions should fall because errors occurred in procuring another. We are not unmindful of the fact that the 25th

count charges an unlawful sale to a minor, meaning to Carr, but it also charges unlawful sales to divers persons who were then and there in the habit of getting intoxicated, and that charge is abundantly proved, and the conviction under the 25th count does not need to rest upon the single sale to Carr.

The judgment under the 7th, 11th and 25th counts is therefore affirmed. The judgment under the 5th count is reversed, and as to that count the cause is remanded. No judgment for costs will be entered in this court.

*Affirmed in part, and in part reversed and remanded.*