# The People of the State of Illinois, Defendant in Error, v. Henry Huyvaert, Plaintiff in Error.

## Gen. No. 6,478.

1. PARDON AND PAROLE—*when probation should be granted as to entire case.* Where twenty-four counts of an information under the Anti-Saloon Act were alike, except as to the dates of some of the alleged illegal sales stated under a *videlicet,* to all of which defendant pleaded guilty and asked to be placed on probation, *held* that the court, in the exercise of its discretion, should have been granted or denied probation as to the entire case and not as to part only.

2. CRIMINAL LAW, § 372*—*necessity of judgment on all counts in indictment as a unit.* The offenses set up in different counts of an indictment are so far tied together by the indictment that all must be tried at one time, and judgments on the several counts must all be entered together as a unit.

3. CRIMINAL LAW, § 373a*—*when judgment becomes final and operates as discontinuance as to remaining counts in indictment.* Where a defendant pleaded guilty to all counts of an indictment and was fined on one and placed on probation as to the other counts, *held* that the judgment· could have been vacated before payment of the fine or imprisonment for nonpayment at the same term and another judgment entered under the entire indictment, but after that term the judgment would be final and amount to a discontinuance as to the remaining counts, and all further proceedings at a later term terminating in judgments of fine and imprisonment under the remaining counts were without authority of law.

4. COURTS, § 92*—*what is not within power of County Court.* The County Court has no power to appoint a probation officer for the enforcement of the criminal law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. OFFICERS, §¯17*—*who is not a de facto officer.* The appointee of a County Court as a probation officer in a criminal case is not even a *de facto* officer.

6. PARDON AND PAROLE—*when unsworn statement of officer gives County Court no jurisdiction to vacate probation order.* The unsworn statement of one who was illegally appointed as a probation officer in a criminal case that a party placed by the court on probation had violated his probation gave the court no authority to vacate the order admitting the party to probation or to authorize his arrest, and did not justify a rule upon him to show cause why his probation should not be terminated.

Error to the County Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1917. Reversed and defendant discharged. Opinion filed February 12, 1918.

CYRUS E. DIETZ, for plaintiff in error.

FLOYD E. THOMPSON, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

On October 19, 1916, the mayor of Moline filed in the County Court of Rock Island county an information against Henry Huyvaert, twenty-four counts of which charged him with unlawful sales of intoxicating liquor in anti-saloon territory, and the twenty-fifth charged him with keeping a nuisance. He pleaded guilty and asked to be admitted to probation. That request was denied as to the first count and was granted as to all the other counts. A sentence of fine and costs was imposed upon him under said first count and he was admitted to probation under the other counts and placed in charge of Judson D. Metzgar, as probation officer. At some time before the steps hereinafter narrated, defendant paid the fine imposed under the first count and the costs of suit. At a later term Metzgar filed a report that defendant had violated his probation. This report was not under oath.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Thereupon the court entered an order, vacating the probation and directing that a writ issue for the arrest of defendant, and he was arrested and brought into court. The court then entered a rule upon defendant to show cause why his probation should not be terminated and sentence imposed on the remaining counts. Defendant applied for a change of venue from the trial judge. That application was heard and denied. Defendant asked for a jury trial upon the question whether his probation should be terminated. That application was heard and denied. Defendant moved the court to deny the application to terminate his probation. That motion was heard and denied. Defendant then asked leave to withdraw his plea of guilty and to plead not guilty. That motion was heard and denied. Defendant moved in arrest of judgment and that motion was denied. Defendant then asked the court to examine witnesses as to the aggravation and mitigation of the offense as required by section 4 of division 13 of the Criminal Code (J. & A. ¶ 4121). That application was denied. Thereupon at the July term, 1917, of said court, the defendant was sentenced under the last twenty-four counts of said indictment, under some of them to successive imprisonments, and under others to pay fines. Defendant preserved these various proceedings by several bills of exceptions, and has sued out this writ of error to review the record.

Section 3 of the Act (J. & A. ¶ 4174) establishing a system of probation provides that the court may grant a release on probation in the discretion of the court, if it shall appear to the satisfaction of the court both that there is reasonable ground to expect that the defendant may be reformed and that the interests of society shall be subserved. The first twenty-four counts were alike, except that the dates of the alleged illegal sales stated in the different counts, under a *videlicet,* were not all the same. The dates in the first

and second counts were the same, and they are practically identical. We do not understand how the court, in the reasonable exercise of a sound judicial discretion, could determine that there was reasonable ground to expect that the defendant might be reformed and the interests of society subserved by his release on probation as to the last twenty-four counts, and grant that probation, and at the same time come to the contrary conclusion as to the first count. He should have been granted or denied probation as to the entire case.

Defendant contends that the first judgment disposed of the entire case. The People contend that each count states a separate offense and there can be a judgment under one count at one term and under another count at another term, citing a number of early decisions in this State. We so held in effect in *Grom v. People,* 135 Ill. App. 453, and *Gaul v. People,* 136 Ill. App. 445, and cited the same line of authority here relied upon by the People. Our decision in the latter case was reversed by the Supreme Court in *People v. Gaul,* 233 Ill. 630. In that case Gaul was convicted of unlawful sales of liquor to minors under counts numbered 5, 7, 11 and 25. Each count charged a sale to a different minor, and therefore charged an offense wholly distinct from the offense charged by any other count. The fifth count charged a sale to a minor named John Carr. We held that a certain instruction given for the People erroneously withdrew from the jury the question whether Carr was, in fact, a minor when the sale was made, and we reversed and remanded the cause as to the fifth count and affirmed it as to the others. The Supreme Court held that the judgment of the County Court, though based on different counts, was so far a unit that it should be wholly affirmed or wholly reversed by us. If our judgment had not been reviewed at that time, there could have been another trial in the County Court under said fifth count and,

if at some future time, the Supreme Court on writ of error had reversed the judgment as to one or more of the remaining counts, he could at some other term have been placed on trial under said other count or counts, and thus the trial court could have entered judgment at different terms under different counts of the same information, a condition which would be permitted by the course pursued in the court below in the present case. The decision of the Supreme Court in the *Gaul* case, *supra,* required the entire trial and judgment under that information to be a unit. Similar questions have been considered in other courts. In *Edgerton v. Com.,* 5 Allen (Mass.) 514, there had been a trial on an indictment containing three counts, a verdict of not guilty under the first, and guilty under the second, and no verdict under the third. The trial court entered a judgment against the defendant on the second count. Defendant contended that the case had not been disposed of as to the third count and therefore the judgment was premature. It was held that the judgment under the second count disposed of the whole indictment and that the proceeding amounted either to an acquittal of defendant under the third count, or a discontinuance under the third count, and that the judgment rendered made any further proceedings under the third count impossible. In *Com. v. Foster,* 122 Mass. 317, defendant had been found guilty as to each of four counts of an indictment. At the December term, 1873, the trial court sentenced him under the first and second counts. At the December term, 1876, the defendant was brought in and sentenced under the third count. It was held that it was not in the power of the trial court, after having rendered one sentence, to impose another sentence at a later term. In the case entitled *In re Beck,* 63 Kan. 57, 64 Pac. 971, the defendant was indicted under six counts for violation of the liquor laws, and was tried and found guilty, and entered a motion in arrest of judgment. In

March, 1898, the motion in arrest was overruled as to one count and a final judgment of fine and imprisonment under that count was imposed, and the motion in arrest was continued as to the other counts. At a later term the court overruled the motion in arrest as to the five remaining counts and sentenced the defendant to fine and imprisonment under each of those counts. In forcible language and upon convincing reasoning it was held that the course pursued was not authorized by law, and that the judgment on the first count was a final judgment and was the end of the prosecution. In *People v. Felker*, 61 Mich. 110, defendant pleaded guilty to a violation of the liquor laws and was sentenced to pay a fine of $75, and it was ordered that the further judgment of the court be deferred to the next term, and at the next term he was sentenced to imprisonment. It was held that a judgment in a criminal case cannot be divided up and parceled out and pronounced from time to time by the court, and that there was neither law nor precedent for such a course. The judgment was reversed and the defendant discharged. In 2 Bishop's New Criminal Procedure, sec. 1291, it is stated that the entire sentence must be pronounced at one time and not in parcels. Under the decision of the Supreme Court in the *Gaul* case, *supra,* and these other authorities we hold that, while the People can unite in one indictment or information several distinct misdemeanors and there must necessarily be a separate judgment for each separate offense of which the defendant is convicted or pleads guilty, yet the offenses are so far tied together by the indictment that they must be tried at one time, and the judgments must all be entered together as a unit. Doubtless, before the end of that term and before the defendant had paid the fine and costs imposed under the first count, or had been imprisoned for nonpayment, the court could have vacated that judgment and entered another under the en-

tire information (8 R. C. L. 243); yet, when the term ended without that having been done, the judgment entered was final and amounted to a discontinuance as to the remaining counts, and all further proceedings at later terms, terminating finally in the judgments of fine and imprisonment under the other counts, were without authority of law.

The County Court has power to appoint a probation officer under certain statutes in relation to charities and pensions of dependent mothers, but has no authority to appoint a probation officer for the enforcement of the criminal law. The power to appoint such probation officers is vested in Circuit Courts and City Courts by section 9 of the Act (J. & A. ¶ 4180) providing for a system of probation. It was made to appear that there was a probation officer for Rock Island county appointed by the Circuit Court, but Metzgar had not been so appointed. The appointment of Metzgar to take charge of the defendant in this case was therefore void. As there was a *de jure* officer appointed by the Circuit Court, and as the County Court had no authority of law to appoint such a probation officer, Metzgar was not even a *de facto* officer, but was a stranger to whom the statute did not authorize the County Court to commit the defendant. It is argued that no affidavit was necessary to the report of Metzgar that defendant had violated his probation, because he was acting under the sanction of an official oath. Not being an officer, he had taken no official oath. His unsworn statement that the defendant had violated his probation could not give the court authority to vacate the order admitting the defendant to probation, or authorize the court to issue a writ for the arrest of the defendant, nor justify a rule on defendant to show cause why his probation should not be terminated.

These considerations dispose of the case and make it

unnecessary to discuss other questions argued by counsel.

As defendant has paid the first judgment and the costs of suit, and the court had no jurisdiction after the term at which the first judgment was entered, no reason exists for remanding the cause. The judgment is therefore reversed and the defendant is discharged.

*Reversed and defendant discharged.*