**The People of the State of Illinois, Defendant in Error, v. Tiodora Favelli and Tony Favelli, Plaintiffs in Error.**

## Gen. No. 6,961.

1. INTOXICATING LIQUORS—*presence of husband when wife's house raided as liquor nuisance as justifying his conviction.* The mere presence of the husband of the codefendant at the time premises owned by the wife were raided was a wholly insufficient circumstance to warrant a conviction of the husband under a count charging both defendants with maintaining a nuisance by keeping a place where intoxicating liquor was unlawfully sold, where the evidence did not even tend to prove that the husband ever directly or indirectly sold or gave away intoxicating liquor upon such premises.

2. CRIMINAL LAW—*improper conduct of State's Attorney as to alleged testimony given by witnesses before the grand jury.* In a prosecution for selling intoxicating liquor within prohibition territory and maintaining a nuisance, the State's Attorney was guilty of improper conduct which prejudiced the jury, where, in propounding questions to witnesses, apparently hostile, he appeared

The People v. Favelli et al., 222 Ill. App. 518.

to read from what appeared to be a transcript of evidence taken before the grand jury, and asked the witnesses if they had not given different testimony before such jury, and, in reading questions and answers, categorically asked if such questions were not put to them before such jury and if they did not make certain answers, but in no instance asked a witness if the testimony given before the jury was true; and where, although he made no substantive proof of sales of liquor to any such witness, he stated in the presence of the jury that the testimony of a witness at the trial was contrary to that given before the grand jury, and argued likewise before the jury.

3. INTOXICATING LIQUORS—*difficulty of obtaining evidence as justifying discarding rules of evidence.*  The usual difficulty in obtaining evidence of the manufacture and sale of intoxicating liquor unlawfully, no matter how great, is never sufficient to justify the discarding of well-known rules of evidence.

4. INTOXICATING LIQUORS—*identification of premises where illegal sales were made.*  Premises upon which it was alleged that intoxicating liquor was unlawfully sold were definitely located by the proof and were sufficiently located, where one witness testified that he knew the premises occupied by the defendants, and that defendants lived on a named street in the town in question between two other named streets, and another witness testified that he had examined the records and gave the legal description and stated that the property was in the name of one of the defendants.

5. CRIMINAL LAW—*loss of jurisdiction to render judgment on certain counts after term.*  Where judgment on only two of eleven counts of an indictment was rendered, the court lost jurisdiction to render judgment or impose sentence on the remaining counts upon which no judgment had been rendered or sentence imposed during the same term of court.

Error to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1921. Reversed in part and affirmed in part. Opinion filed November 2, 1921.

E. M. RUNYARD, for plaintiffs in error.

ASHBEL V. SMITH and ALBERT L. HALL, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.

The plaintiffs in error, Tiodora Favelli and Tony Favelli, were found guilty by a jury in the circuit court of Lake county under an indictment containing eleven counts. By the first eight counts they were charged with violating the so-called "Search and Seizure Act" (Cahill's Ill. St. ch. 43, ¶ 51 *et seq.*) in unlawfully selling intoxicating liquor within prohibition territory. They were charged in the ninth count with giving away intoxicating liquors in violation of said act and in the tenth count with manufacturing intoxicating liquors. The eleventh count charged them with maintaining a nuisance by keeping a place wherein intoxicating liquor was unlawfully sold.

Tiodora Favelli was found guilty under counts numbered one, two, nine, ten and eleven and Tony Favelli was found guilty under counts numbered ten and eleven. Motions for a new trial and in arrest of judgment were overruled. Judgment was rendered against Tiodora Favelli on counts numbered one and eleven and she was sentenced to pay a fine of $100 on count one and $200 on count eleven and to be confined in the county jail for a period of 30 days on count one and 30 days on count eleven. The jail sentence under count eleven was to begin at the expiration of the time served under count one. No judgment or sentence was entered against her under counts two, nine and ten. A judgment for a like fine and sentence under counts ten and eleven was entered against Tony Favelli. Both defendants were ordered to give bond to abate the nuisance. To reverse the judgment in this case a writ of error was sued out by both plaintiffs in error jointly.

The evidence in this case shows that the plaintiffs in error were husband and wife and that they lived in Highwood in said county for a number of years. The property occupied by them was owned by Tiodora Favelli. The record does not disclose what business had been conducted upon these premises prior to the time of the passage of the "Search and Seizure Act"

but it is apparent from the testimony of the witnesses that since that time they were used for the selling of beverages and that the business was conducted solely by Tiodora Favelli. Her husband, Tony Favelli, had been for over 2 years in the bailing house at Fort Sheridan where he worked every day between the hours of 8 o'clock in the morning and 5:30 o'clock in the afternoon. The evidence does not even tend to prove that he ever directly or indirectly sold or gave away any intoxicating liquors. It was shown upon the trial that he was present at the time a raid was made by the sheriff and the witness Hicks when certain liquors claimed to be intoxicating and certain articles claimed to be used in the manufacture of intoxicating liquors were seized and taken. But we think this is a wholly insufficient circumstance to warrant a conviction of Tony Favelli under count eleven. Some children were also present at the time and no one would contend that they were guilty because of the mere fact of their presence during the raid.

The witness, John Gallagher, testified that he bought intoxicating liquor from Tiodora Favelli in June or July, 1920. He is the only witness who testified upon the trial to having purchased any intoxicating liquor. If the jury believed him, then they were justified in finding her guilty of selling intoxicating liquor.

Elmer J. Green, the sheriff of Lake county, by virtue of a warrant issued to him, made a raid on Mrs. Favelli's place of business on the 5th day of December, 1920, and seized a considerable quantity of wine, raisin mash, two quarts of what he termed ''White Mule,'' and a three-burner gas stove and one coil. He testified that the mash was in a barrel and was fermenting. He also testified that he had drunk from one of the bottles which was marked at the time of the trial as exhibit six; that said bottle contained wine and was intoxicating. There is nothing in the evidence to

show that the wine was manufactured on the premises. The jury returned a verdict against her under count ten for manufacturing intoxicating liquor, but the trial court failed to enter judgment against her upon that count. No other count in the indictment, not even the eleventh (it being the nuisance count), charged them with manufacturing intoxicating liquor. Therefore it is unnecessary for us to discuss the evidence relating to such alleged manufacture of liquor.

Upon the trial of this cause several witnesses who had testified before the grand jury which found the indictment were called to testify. Some of these witnesses were obviously hostile to the prosecution. In one or two instances the State's Attorney stated to the court that he was surprised at the testimony of such witnesses and asked leave of court to propound leading questions. After obtaining leave therefor he kept before him what seemed to be a transcript of the evidence taken before the grand jury. In propounding his questions he appeared to read from such transcript. With other witnesses he proceeded to ask leading questions without leave of court. He asked all of these witnesses if they had not given different testimony before the grand jury from that which they had given on the trial of the case. He read questions and answers categorically and asked them if such questions were not put to them before the grand jury and if they did not make certain answers. In no instance did he ask a witness if the testimony given before the grand jury was true. He made no substantive proof of sales of liquor by any such witness. He stated to the court in the presence of the jury that the testimony of a witness on the trial was contrary to what was given by him before the grand jury. He argued the same thing before the jury and commented upon the demeanor of these witnesses. His conduct in this particular was highly improper and should not have been permitted especially over the objection of

counsel for plaintiffs in error. That the jury was prejudiced against the defendant on this account cannot be well doubted. As hereinbefore stated, there was only one witness who furnished any competent evidence of a sale of intoxicating liquor and that was John Gallagher. The jury found against Tony Favelli on one count and against Tiodora on four counts charging illegal sales. It is only because there is no evidence in the record tending to contradict the evidence of Gallagher that we permit the judgment to stand as to the sale alleged to have been made to him by Tiodora Favelli. In saying this we do not intend to in any way discredit the testimony of Gallagher. We mean to say that if his testimony had been contradicted, then, in such case, we would probably be unable to tell from the record whether the jury based its verdict on his testimony or upon the testimony of some witness who had not testified to an unlawful sale. We are not unmindful of the usual difficulties in obtaining evidence of the manufacture and sales of intoxicating liquors, but this difficulty, no matter how great, is never sufficient to justify the discarding of well-known rules of evidence. The necessity of conviction does not make the rules of evidence and procedure less rigid. These rules can never be suspended to obtain a conviction, no matter how urgent a conviction may appear.

It is urged by counsel for plaintiffs in error that there is no proof in the record as to the exact location of the premises where it is alleged the intoxicating liquors were sold and for that reason the premises cannot be located under the order which was entered to abate the nuisance. The witness, William Spellman, testified that he had lived in Highwood for 20 years and had been an alderman of the city; that he knew the premises occupied by the plaintiffs in error; that they lived on Highwood avenue on the south side of the street between High street and Central avenue,

about 315 to 320 feet from High street and about 300 feet from Central avenue. A witness, Alvah L. Rogers, testified that he was secretary and treasurer of the Lake County Title and Trust Company; that he had examined the records of Lake county with reference to the premises owned by the plaintiff in error, Tiodora Favelli, on Highwood avenue between Central avenue and High street about 315 feet from High street and on the south side of Highwood avenue; that they were described as the east 50 feet of the west 343 feet of the north half of block 4 in plat "C" in the City of Highwood and that the property is in the name of Tiodora Favelli. We think this proof definitely locates the premises and that they are sufficiently described in these proceedings.

Because no judgment was rendered or sentence imposed against Tiodora Favelli upon the verdict finding her guilty under counts two, nine and ten at the same term of court the judgment was rendered against her on counts one and eleven, the trial court has lost jurisdiction to render judgment or impose sentence under such counts. *People v. Huyvaert*, 209 Ill. App. 40.

For the reasons herein stated the judgment against Tony Favelli is reversed and the judgment as to Tiodora Favelli is affirmed.

*Reversed in part and affirmed in part.*